Freddie Lee EASON, Appellant,

v.

The STATE of Texas, Appellee.

No. 57989.

Court of Criminal Appeals of Texas, Panel No. 3.

April 12, 1978.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

OPINION

ROBERTS, Judge.

Appellant was convicted by a jury of the misdemeanor of driving while intoxicated. The court assessed punishment at 90 days in jail and a $500.00 fine, probated for 12 months.

The record is before us without a transcription of the court reporter's notes or bills of exception. Although it appears that appellant is represented by retained counsel, no brief was filed in the trial court in appellant's behalf pursuant to Art. 40.09(9), Vernon's Ann.C.C.P., and none has been filed here. There is no claim of indigency. Nevertheless, we find in the record unassigned error which should be reviewed in the interest of justice under Art. 40.09(13), Vernon's Ann.C.C.P.

The docket sheet reflects that this case was set for jury trial at 9:00 a. m. on February 14, 1977. On that date the State appeared and announced ready. The appellant also appeared, but appellant's attorney was absent. The trial judge then recessed the jury panel until 2 o'clock that afternoon. When the court reconvened that afternoon, appellant's counsel was still absent, and the trial judge again recessed the jury panel until 9 o'clock the next morning. At the appointed hour on February 15, 1977, appellant's attorney again failed to appear. The trial judge attempted to reach counsel by telephone, but received no answer. At 9:40 a. m. the judge instructed the jury panel regarding reasonable doubt, the burden of proof, that the information was no evidence of guilt, the presumption of innocence, and the right of the appellant to remain silent. Thereafter, appellant advised the court that he could not proceed without his attorney present. Nevertheless, the court ordered the voir dire examination of the jury panel to proceed. State's counsel then voir dired the jury; however, the appellant did not do so. After both sides made their peremptory challenges, the jury was empaneled and sworn. The court then recessed the jury until 12:30 that afternoon in order to allow more time for appellant's counsel to be present. At 12:45 p. m. appellant's counsel finally arrived and moved to dismiss the jury. The motion was denied. The trial then proceeded in the presence of appellant's counsel, appellant was convicted, and this appeal followed.

We find it necessary to observe that the conduct of appellant's counsel in the trial court was, to say the least, remiss and not to be condoned. In fact, in another case against this appellant (our Cause No. 57,-990), which was tried one month later, appellant's attorney's tardiness caused the judge to find him in contempt and fine him $100.00. Despite counsel's behavior, however, we hold that, in the present case, the trial judge fell into error when he ordered the voir dire examination of the jury panel to proceed and allowed it to be conducted over appellant's objection.

Both Art. 1, Sec. 10, of the Texas Constitution and Art. 1.05, Vernon's Ann.C.C.P., provide that an accused person shall have the right of being heard by himself or counsel or both. This right, which is guaranteed by the Constitution and statutory law, carries with it the right to have counsel interrogate the members of the jury panel "to the end that he may form his own conclusion, after his personal contact with the juror, as to whether in counsel's judgment he would be acceptable to him or whether, on the other hand, he should exercise a peremptory challenge to keep him off the jury." *De La Rosa v. State,* 414 S.W.2d 668, 671 (Tex.Cr.App.1967). Numerous decisions by this Court have discussed the

importance of the right to have counsel participate in the voir dire examination of the jury panel. Some of the more recent examples are *Smith v. State,* 513 S.W.2d 823 (Tex.Cr.App.1974); *Burkett v. State,* 516 S.W.2d 147 (Tex.Cr.App.1974); *Barrett v. State,* 516 S.W.2d 181 (Tex.Cr.App.1974); and *Abron v. State,* 523 S.W.2d 405 (Tex.Cr. App.1975). Consequently, it may be seen that the voir dire examination of a jury panel is a critical stage of a criminal prosecution at which the right to counsel attaches.

In the instant case, there is nothing in the record before us to show that appellant knowingly and intelligently waived his right to be represented by counsel at the voir dire examination of the jury panel. On the contrary, the court's docket sheet shows that appellant protested to proceeding in the absence of his attorney. Consequently, conducting the voir dire examination of the jury panel in the absence of appellant's counsel was error, and the judgment must be reversed and the cause remanded. See *Baker v. State,* 519 S.W.2d 648 (Tex.Cr.App. 1975); *Hooper v. State,* 557 S.W.2d 122 (Tex.Cr.App.1977); *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).

The judgment is reversed, and the cause is remanded.