**Paul GOBERT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09 84 115 CR.**

Court of Appeals of Texas, Beaumont.

April 24, 1985.

Rehearing Denied May 8, 1985.

---

James DeLee, Nederland, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

OPINION

BURGESS, Justice.

Appellant was found guilty by a jury of possession of a controlled substance, heroin. The trial judge assessed punishment at fifteen years in the Texas Department of Corrections. Appellant appeals on numerous grounds. We find grounds of error numbers five and six dispositive of this appeal.

Ground of error number five: "It was error for the State's attorney to inject injurious and prejudicial matter before the jury panel during his voir dire examination."

Ground of error number six: "Appellant was denied effective assistance of counsel during voir dire examination."

Ground of error number five is based upon the following remarks of the prosecutor:

... The case that we are going to try today is a possession of heroin. The first thing I want to say is that possession in the state of Texas is a second degree felony and the range of punishment for a second degree felony is between two and 20 years in the Department of Corrections and up to a $10,000 fine. I want to start off at the very beginning by telling you in situations where you have a second degree felony and a person who is charged with a second degree felony has been previously convicted of another felony, that second degree felony becomes a first degree felony and the range of punishment on a first degree felony in Texas is between five and 99 years or life and up to a $10,000 fine. That is extremely important.

So let me give you a fact situation hypothetically. You have a person charged with possession of heroin, that being a second degree felony. Previously, prior to that he was charged with and convicted of possession of heroin in the past. That would make this second degree possession of heroin a first degree felony, the range of punishment being

between five and 99 years or life and up to a $10,000 fine.

Now I represent the State of Texas and my client is the State of Texas. My duty in so doing is to try to get my client a fair trial. In the same manner defense attorney is going to attempt to get his client a fair trial. Now in order for me to get my client a fair trial I am entitled to a jury that can consider the full range of punishment. That is, if I show you that a person has been charged with possession of heroin and I can show you that there has been a prior possession case, generally, can you consider the full range of punishment?

 It is axiomatic that either side is allowed to inform the jury of the range of punishment applicable to a particular case.[1] Further, the jury panel may be informed of the range of punishment applicable if the State were to prove a prior conviction for enhancement purposes, but the State may not inform the jury of any of the specific allegations contained in the enhancement paragraph of a particular defendant's indictment. *Frausto v. State*, 642 S.W.2d 506 (Tex.Crim.App.1982). The prosecutor was within acceptable range in his initial comments. He, however, went too far in his "fact situation hypothetically". This was tantamount to informing the jury of the specific allegations in the enhancement paragraph of this defendant's indictment. After his comments about his duty,[2] he again highlighted the premise of a possession heroin charge coupled with a prior possession charge. It is conceded by all that there was no immediate objections made, nor any request to disregard, nor any motion for mistrial. This brings us to the sixth ground of error.

The trial began thusly:

"THE COURT: Cause number 43,927, State of Texas vs. Paul Gobert.

Is the State ready?

"[PROSECUTOR]: The State is ready, Your Honor.

"THE COURT: Defense counsel is absent but the Defendant is present.

. . . .

... Mr. Jim DeLee is the defense attorney and he is back in the back, I think. He will be here in a few minutes and will be representing Mr. Gobert."

 It is apparent from the record and argument of counsel that the voir dire examination began without the appellant's counsel being present. His first appearance, in the record, is after the previously discussed remarks of the prosecutor. The voir dire is a critical stage of prosecution at which the right to counsel attaches. *Eason v. State*, 563 S.W.2d 945 (Tex.Crim. App.1978). Obviously, the absence of the accused's counsel during the entire voir dire is reversible error. But can there be some degree of absence which would not necessarily constitute reversible error? We believe so. If defense counsel had only missed that portion of the voir dire during which the trial judge gave the panel general instructions concerning the law and jury service, then this could be harmless error. But here the trial proceeded to the point where the prosecutor had interjected harmful material into the voir dire. We can not say that the absence of defense counsel at this point was harmless.

The appellant has also raised the question of insufficiency of the evidence and requested dismissal under *Burks v. U.S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). We have

1. *TEX.CODE CRIM.PROC.ANN. art. 37.07(2)(b)* (Vernon 1981), states in part: "... [I]t shall be the responsibility of the judge to assess punishment ... provided ... where the defendant so elects in writing *at the time he enters his plea in open court*, the punishment shall be assessed by the same jury." If the Legislature were to require this election at some point prior to jury selection, then the range of punishment issue

would not be necessary in non-jury punishment cases.

2. It must be noted that *TEX.CODE CRIM.PROC. ANN. art. 2.01* (Vernon Supp.1985), states the duty of a prosecuting attorney in this manner: "... It shall be the primary duty of all prosecuting attorneys, ..., not to convict, but to see that justice is done."

reviewed the evidence and find it sufficient to sustain the conviction. We, however, reverse and remand on the grounds previously discussed.

REVERSED AND REMANDED.