**Paul GOBERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 604–85.

Court of Criminal Appeals of Texas, En Banc.

June 11, 1986.

James A. DeLee, Port Arthur, for appellant.

James S. McGrath, Dist. Atty. and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for possession of heroin. After the jury found appellant guilty, punishment was assessed by the court at 15 years.

The Ninth Court of Appeals (Beaumont) reversed the conviction and remanded the cause to the trial court finding that counsel for appellant was absent during the time when the prosecutor injected harmful material into the voir dire (*Gobert v. State,* 690 S.W.2d 107, April 24, 1985). We granted the State's petition for discretionary review to examine this holding.

Upon the case being called to trial the State through its prosecuting attorney announced ready for trial and the court stated "Defense counsel is absent but the Defendant is present." After explaining the meaning of voir dire examination, and introducing the two prosecutors who would be trying the case for the State, the court noted, "Mr. Jim DeLee is the defense attorney and he is back in the back, I think. He will be here in a few minutes and will be representing Mr. Gobert." The court then continued with its instructions and recognized one of the prosecutors, Mr. Wagner, who began voir dire examination:

"MR. WAGNER: My name is Ben Wagner. I work for Mr. McGrath. The case that we are going to try today is a possession of heroin. The first thing I want to say is that possession in the state of Texas is a second degree felony and the range of punishment for a second degree felony is between two and 20 years in the Department of Corrections and up to a $10,000 fine. I want to start off at the very beginning by telling you in situations where you have a second degree felony and a person who is charged with a second degree felony has been previously convicted of another felony, that second degree felony becomes a first degree felony and the range of punishment on a first degree felony in Texas is between five and 99 years or life and up to a $10,000 fine. That is extremely important.

"So let me give you a fact situation hypothetically. You have a person charged with possession of heroin, that being a second degree felony. Previously, prior to that he was charged with and convicted of possession of heroin in the past. That would make this second degree possession of heroin a first degree felony, the range of punishment being between five and 99 years or life and up to a $10,000 fine.

"Now I represent the State of Texas and my client is the State of Texas. My duty in so doing is to try to get my client a fair trial. In the same manner defense attorney is going to attempt to get his client a fair trial. Now in order for me to get my client a fair trial I am entitled to a jury that can consider the full range of punishment. That is, if I show you that a person has been charged with possession of heroin and I can show you that there has been a prior possession case, generally, can you consider the full range of punishment?"

It was at this point that the record reflects the presence of counsel for appellant for the first time:

"MR. DeLEE [defense counsel]: Your Honor, may we approach the bench for a second?

"THE COURT: Yes, sir.

(Conference between the court and counsel outside the hearing of the jury and the reporter, after which the following proceedings were had:)

"MR. DeLEE: But would the record reflect defense counsel makes an announcement of not ready in this case, Your Honor?

"THE COURT: The record will show defense counsel is not ready.

"MR. DeLEE: By virtue of the unavailability of witnesses and also by virtue of the fact this is the third case scheduled for me this morning?"

After the court had stated "Go ahead" the prosecutor resumed voir dire examination.

The record reflects that the prosecutor then questioned fifteen members of the panel individually as to whether he or she could assess punishment of 99 years or life where a person charged with the second degree felony of possession of heroin had before been convicted of the felony offense of possession of heroin. While the questions varied somewhat in the way they were stated, the substance was the same. The question was then asked generally of all members of the panel. No objection was voiced by appellant to questions regarding the ability of prospective jurors to assess punishment of 99 years or life under the circumstances outlined by the prosecutor.

The Court of Appeals relied on our opinion in *Eason v. State*, 563 S.W.2d 945 (Tex. Cr.App.1978). In *Eason* the entire voir dire was conducted in absence of counsel for the defendant. As in the instant case, there was nothing in the record to show that the defendant had knowingly and intelligently waived his right to be represented by counsel at the voir dire examination of the jury panel.

In *Eason*, we held:

"Both Art. 1, Sec. 10, of the Texas Constitution and Art. 1.05, Vernon's Ann.C. C.P., provide that an accused person shall have the right of being heard by himself or counsel or both. This right, which is guaranteed by the Constitution and statutory law, carries with it the right to have counsel interrogate the members of the jury panel 'to the end that he may form his own conclusion, after his personal contact with the juror, as to whether in counsel's judgment he would be acceptable to him or whether, on the other hand, he should exercise a peremptory challenge to keep him off the jury.' *De La Rosa v. State*, 414 S.W.2d 668, 671 (Tex.Cr.App.1967). Numerous decisions by this Court have discussed the importance of the right to have counsel participate in the voir dire examination of the jury panel. Some of the more recent examples are *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974); *Burkett v. State*, 516 S.W.2d 147 (Tex.Cr.App. 1974); *Barrett v. State*, 516 S.W.2d 181 (Tex.Cr.App.1974); and *Abron v. State*, 523 S.W.2d 405 (Tex.Cr.App.1975). Consequently, it may be seen that the voir dire examination of a jury panel is a critical stage of a criminal prosecution at which the right to counsel attaches."

A trial court should be ever vigilant to see that counsel is present at all times during the course of the trial. While the trial court runs the risk of depriving an accused of the assistance of counsel anytime it proceeds without the presence of counsel, in *Heredia v. State*, 528 S.W.2d 847 (Tex.Cr.App.1975) we held no deprivation to the right of counsel was shown where counsel for the defendant arrived "two or three minutes" after the State began its examination of a member of the panel and counsel was not denied the right to examine the prospective juror.

Unlike *Eason*, where counsel was absent during the entire voir dire examination, appellant in the instant case only contends that counsel was absent from the beginning of voir dire until such time as the record reflects that counsel asked that he be allowed to approach the bench. There is no suggestion that counsel for appellant was absent at any other stage of the trial.

The Court of Appeals' holding is bottomed on the fact that counsel was absent at a time "when the prosecutor had injected harmful material into the voir dire." In its opinion the Court of Appeals cited *Frausto v. State*, 642 S.W.2d 506 (Tex.Cr. App.1982) for the proposition that the State may not inform the jury panel at the outset of the trial of the specific allegations contained in the enhancement paragraph of a particular defendant's indictment and noted that the prosecutor in the instant case "went too far in his fact situation hypothetically."

Art. 36.01(1), V.A.C.C.P., provides in pertinent part that "when prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07 [V.A.C.C.P.]."

In *Frausto*, we found that the meaning and scope of Art. 36.01(1), supra, were violated where the prosecutor "recounted virtually all of the allegations contained in the enhancement paragraph of the indictment, including the offense, cause number, date and court of conviction." In *Frausto* the rule was stated "a prosecutor may inform the jury panel of the range of punishment applicable if the State were to prove a prior conviction for enhancement purposes, but it may not inform the jury of any of the specific allegations contained in the enhancement paragraph of a particular defendant's indictment."

**24**

■ In the instant case the only arguably specific allegation of the case relied on for enhancement mentioned by the prosecutor in his voir dire was that the prior offense was possession of heroin, a matter which was mentioned in voir dire of individual members of the panel after counsel for appellant returned to the courtroom. Throughout such examination counsel never raised an objection. Under the circumstances of this case, we perceive no harm to appellant and find that he was not deprived of the assistance of counsel.

The judgment of the Court of Appeals is reversed and the cause is remanded to that Court for treatment of appellant's other grounds of error.[1]

CLINTON, J., concurs in the result.

TEAGUE, Judge, concurring.

I am constrained to concur in the majority opinion's decision to reverse the judgment of the Beaumont Court of Appeals which reversed the trial court's judgment of conviction of the appellant. However, because I do not believe that the majority opinion has fully discussed why there is no reversible error because counsel for the appellant was absent during part, but not all, of the voir dire examination of the members of the jury panel, I file this concurring opinion.

I find that there are actually four separate underlying issues contained in the fact that part of the voir dire examination of the jury panel in this cause was conducted in the absence of trial counsel for the appellant. These issues are the following: 1) did the absence of counsel occur during a critical stage of the trial; (2) did the trial judge deny appellant the effective assistance of counsel by commencing the voir dire in the absence of counsel; (3) whether the error was subsequently waived by counsel's failure to object; and (4) whether trial counsel for the appellant himself cured the error.

The Beaumont Court of Appeals, at least implicitly if not expressly, held that because counsel for the appellant was not present during that part of the voir dire examination when the prosecuting attorney interjected harmful material into the voir dire, such constituted reversible error. In reversing the appellant's conviction, I find that that opinion failed to take into account all that occurred *after* counsel appeared in the courtroom.

The majority opinion reverses the judgment of the court of appeals because it finds that if there was error, it was harmless to the appellant. It appears to hold that the error was harmless because *after* counsel for the appellant appeared in court he cured the error by asking members of the panel questions that were similarly worded to the one that the prosecuting attorney had asked in his absence and the fact that the prosecuting attorney had also asked the members of the panel, in counsel's presence, without objection by counsel, like questions, thus causing the earlier error to be cured.

The record before us conclusively reflects that the trial judge commenced the voir dire examination when counsel for the appellant was not present. The record also reflects or indicates that counsel for the appellant was not present during the voir dire examination of the jury panel when the prosecuting attorney put before the members of the panel statements that were tantamount to or the functional equivalent of informing them of the specific allegation of the appellant's indictment that went to an alleged prior felony conviction. However, the record also reflects that *after* counsel made his appearance, the prosecuting attorney, without objection, continued to ask questions that were similarly worded to the one that he had asked when counsel was not present. The record also reflects that counsel for the appellant himself later asked the members of the jury panel similarly worded questions.

1. We note that the Court of Appeals has already reviewed the sufficiency of the evidence and found it sufficient to sustain the conviction.

Although a prosecuting attorney is permitted to inform the members of the jury panel the range of punishment applicable if the State were to prove an alleged prior conviction or convictions for enhancement purposes, he may not inform the members of the panel, either directly or indirectly, of the specific allegation or allegations contained in the enhancement paragraph or paragraphs of a particular defendant's indictment. To do so violates the provisions of Art. 36.01, V.A.C.C.P., which provides in part: "When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07." This statute has been interpreted by this Court to mean that if a prosecuting attorney's statements to the jury can be construed as being the functional equivalent of reading to the jury panel the enhancement paragraph or paragraphs of the charging instrument, a violation of the statute has occurred. See *Frausto v. State*, 642 S.W.2d 506 (Tex.Cr.App.1982).

Unquestionably, it takes a very skilled prosecuting attorney to accomplish informing the members of the jury panel the range of punishment where it is alleged that the accused was previously convicted of one or more prior felony convictions and not violate the above statute. Such a prosecuting attorney actually takes on the task of attempting to avoid finding himself between the rock of Scylla and the whirlpool of Charybdis. By analogy, the prosecuting attorney who attempts to accomplish this endeavor closely resembles the skilled prosecuting attorney who can lawfully discuss the fact that a defendant's failure to testify cannot be used against the defendant, and in doing so does not run afoul of the rule that he cannot comment on the defendant's failure to testify.

In this instance, the prosecuting attorney did not pass the test because he unquestionably violated the terms of the above statute when he stated to the jury panel

the functional equivalent of the allegation of the indictment that went to the appellant's prior felony conviction. Thus, he committed error.

The majority opinion states that there is no error because "In the instant case the only arguably specific allegation of the case relied on for enhancement mentioned by the prosecutor in his voir dire was that the prior offense was possession of heroin, a matter which was mentioned in voir dire of individual members of the panel after counsel for appellant returned to the courtroom. Throughout such examination counsel never raised an objection. Under the circumstances of this case, we perceive no harm to appellant and find that he was not deprived of the assistance of counsel."

For reasons not explicated in the record, the record reflects that the trial judge permitted the voir dire examination of the members of the jury panel to commence without counsel for the appellant being present. "THE COURT: Defense counsel is absent but the Defendant is present." Not even the trial judge knew counsel's whereabouts at this time: "Mr. Jim DeLee is the defense attorney and he is back in the back, I think." The record also reflects that after the prosecuting attorney commenced his voir dire examination, and after he had done the functional equivalent of reading to the members of the panel the enhancement allegation, it was then that counsel for the appellant made his appearance in the courtroom, at which time counsel immediately approached the bench and informed the trial judge that he was not ready for trial, because "of the unavailability of witnesses and also by virtue of the fact that this is the third case scheduled for me this morning."[1] Thereafter, the prosecuting attorney continued his voir dire examination and made prejudicial comments like the one he had earlier made.

Because "the voir dire examination of a jury panel is a critical stage of a criminal prosecution at which the right to counsel attaches," *Eason v. State*, 563 S.W.2d 945

---

1. Counsel's announcement was unacceptable to the trial judge and was overruled.

(Tex.Cr.App.1978), the trial judge committed error by commencing the voir dire examination in the absence of counsel for the appellant. This actually denied the appellant the effective assistance of counsel during part of his trial.

The record reflects that *after* counsel for the appellant made his appearance in the courtroom, without objection, the prosecuting attorney thereafter continued to voir dire the members of the panel along the functionally equivalent lines that the appellant had been previously convicted of a felony and that this would elevate the punishment to be assessed to that provided for a first degree felony. Counsel for the appellant made no objection to this, and the record does not reflect or indicate any reason why he did not object to the prosecuting attorney's statements, either in or out of the jury's presence. Furthermore, counsel for the appellant, when it came his turn to voir dire the members of the jury panel, almost immediately jumped into the same water in which the prosecuting attorney had been swimming earlier.

To date, appellate counsel, who also represented the appellant at trial, has not given this Court any justifiable reason why he did not, after he heard the prosecuting attorney make what should have been apparent to him possibly objectionable statements, object, either in or out of the presence of the jury. Nor have I come up with one that would withstand microscopic scrutiny. To date, counsel also has not given any justifiable reason why during his voir dire examination of the members of the jury panel, because he went swimming in the same waterhole in which the prosecuting attorney had earlier gone swimming, that this does not constitute waiver of the earlier error. Nor have I come up with one that would withstand microscopic scrutiny.

Based upon the facts and circumstances of this case, I would hold that the trial judge denied the appellant counsel at a critical stage of the trial and that by commencing the voir dire examination without counsel for the appellant being present the trial judge further denied the appellant the effective assistance of counsel. If there was a reasonable possibility that such harmed the appellant, I would not hesitate to vote to reverse this conviction.

However, also based upon the facts and circumstances of this case, I am compelled to find that because there is not anything in the record that might reflect or indicate that whatever might have occurred during counsel's absence during part of the voir dire examination of the jury panel could have conceivably affected the appellant in any way, counsel's absence during this part of the trial does not mandate a reversal. Furthermore, because counsel for the appellant did not object, or show cause why he did not object, either in or outside the jury's presence, to the prosecuting attorney's statements that were made after he appeared in the courtroom, counsel himself cured the prosecuting attorney's error by asking the members of the jury panel similarly worded questions; thus, this rendered the errors regarding the absence of counsel harmless beyond a reasonable doubt.