**Jesse NELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–89–01508–CR.**

Court of Appeals of Texas,
Dallas.

April 4, 1991.

Rehearing Denied May 22, 1991.

Discretionary Review Refused
Sept. 11, 1991.

Lawrence B. Mitchell, Dallas, for appellant.

Donald G. Davis, Dallas, for appellee.

Before STEWART, BURNETT and MALONEY, JJ.

## OPINION

MALONEY, Justice.

Jesse Nelson appeals his conviction for the offense of aggravated robbery. The jury assessed punishment, enhanced by two prior convictions, at ninety-nine years' confinement. Appellant contends that the prosecutor's use of two peremptory strikes violated the dictates of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); that the trial court erred in denying him the opportunity to represent himself during *voir dire*; and that the trial court erred in refusing to accept his guilty plea. Because we hold that it was reversible error to deny appellant the opportunity to represent himself at *voir dire*, we reverse the judgment of the trial court and remand this cause for a new trial.

Appellant was represented by court appointed counsel. On the day of trial, appellant announced that he wanted to enter a plea of guilty. Although he wanted to plead guilty, he nevertheless denied his guilt. After a lengthy colloquy, the trial

court refused to accept his plea of guilty. Appellant then informed the trial court he wanted to fire his attorney and to represent himself. The trial court denied his request on the ground that he made his request "too late." Appellant renewed his request to represent himself immediately before *voir dire* began. The trial court again denied his request. Appellant's attorney participated in *voir dire* and a jury was empaneled. Before any evidence was presented, the trial court reversed its earlier rulings and allowed appellant to represent himself.

It is well settled that the Sixth Amendment provides an accused with the independent right to conduct his own defense. *Faretta v. California*, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975); *Burton v. State*, 634 S.W.2d 692, 694 (Tex.Crim.App.1982). In order to invoke the right of self-representation, the accused must make a demand that is clear and unequivocal. *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex.Crim.App.1986). The demand is timely if it is asserted before the jury is empaneled and if there is no affirmative showing that the demand is merely a delaying tactic. *See Chapman v. United States*, 553 F.2d 886, 887 (5th Cir. 1977); *Blankenship v. State*, 673 S.W.2d 578, 585 (Tex.Crim.App.1984). Appellant made his demand for self-representation clearly and unequivocally before the *voir dire* process began. In addition, there is no contention that the demand was made as a delaying tactic. Accordingly, we hold that appellant's demand to proceed *pro se* was timely.

We must now determine whether the denial of appellant's right to proceed *pro se* is reversible error. The right to self-representation encompasses several specific rights. In *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), the Supreme Court stated, "[t]he *pro se* defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, *to participate in voir dire*, to question witnesses, and to address the court and the jury at appropriate points in

the trial." *Id.* at 174, 104 S.Ct. at 949 (emphasis added). The *voir dire* examination of a jury panel is considered a critical stage in a criminal prosecution at which the right to counsel attaches. *Eason v. State,* 563 S.W.2d 945, 947 (Tex.Crim.App. [Panel Op.] 1978). Further, the right to be represented by counsel encompasses the right to interrogate members of the jury in order to intelligently exercise peremptory challenges. *Easterling v. State,* 710 S.W.2d 569, 575 (Tex.Crim.App.), *cert. denied,* 479 U.S. 848, 107 S.Ct. 170, 93 L.Ed.2d 108 (1986); *Eason,* 563 S.W.2d at 946. Implicit in the right to counsel is the right not to be represented by counsel and to proceed *pro se. Faretta,* 422 U.S. at 819, 95 S.Ct. at 2533. It follows that the *pro se* defendant must be allowed to exercise *his* right to challenge prospective jurors. Therefore, we conclude that the violation of appellant's constitutional right of self-representation is not cured by his counsel's participation in the *voir dire* examination, *see Chapman,* 553 F.2d at 891–92, and it was error to deny appellant's request to represent himself at the *voir dire* examination. *See Blankenship,* 673 S.W.2d at 585.

The trial court's subsequent decision to allow appellant to conduct his own defense at the trial does not render the error harmless. The constitutional magnitude of the right of self-representation reflects the importance attached to values such as individual integrity, autonomy, and self-expression. *See Johnstone v. Kelly,* 808 F.2d 214, 218 (2nd Cir.1986), *cert. denied,* 482 U.S. 928, 107 S.Ct. 3212, 96 L.Ed.2d 699 (1987) (citing *Faretta,* 422 U.S. at 834, 95 S.Ct. at 2540–41; *Flanagan v. United States,* 465 U.S. 259, 268, 104 S.Ct. 1051, 1056, 79 L.Ed.2d 288 (1984)). These values are sacrificed when the accused's demand to represent himself is denied even if no prejudice results. *Id.* Appointed counsel will almost invariably provide better legal representation than a *pro se* defendant. Consequently, denial of a demand for self-representation would rarely, if ever, be prejudicial.

 Because the right of self-representation is one of fundamental fairness, the denial of appellant's right to conduct his own defense is not subject to harm analysis. *See United States v. Fant,* 890 F.2d 408, 410 (11th Cir.1989), *cert. denied,* ―― U.S. ――, 110 S.Ct. 1498, 108 L.Ed.2d 633 (1990); *Johnstone,* 808 F.2d at 218; *Chapman,* 553 F.2d at 891–92; *Scarbrough v. State,* 777 S.W.2d 83, 94 (Tex.Crim.App. 1989). "The right is either respected or denied; its deprivation cannot be harmless." *McKaskle,* 465 U.S. at 177, n. 8, 104 S.Ct. at 950, n. 8. Accordingly, we conclude that violation of a defendant's right to proceed *pro se* at the *voir dire* examination, a critical stage of the criminal proceeding, requires automatic reversal. We sustain this point of error and do not reach the remainder of appellant's points.

The judgment of the trial court is reversed and the cause remanded for a new trial.