Robert Burcalow v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-053-CR

     ROBERT BURCALOW,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 194th District Court
Dallas County, Texas
Trial Court # F96-01285-QM
                                                                                                                

O P I N I O N
                                                                                                                

      Appellant Burcalow appeals his conviction for forgery of Stephen A. Rust's name on an
application for a certificate of title. He was sentenced to eight years in the Texas Department of
Criminal Justice-Institutional Division.
      Appellant was indicted for the forgery of Rust's name on an application for certificate of title
to an automobile. Appellant with counsel, on October 4, 1996, entered a plea of "no contest." 
Appellant waived a jury, waived confrontation and cross-examination of witnesses, and signed a
judicial confession stipulating that he, on November 17, 1995, in Dallas County, did, without
authority, unlawfully sign the name of Stephen A. Rust on an application for a certificate of title. 
The State introduced Appellant's confession and both sides rested. The court discussed with
counsel the need for a pre-sentence interview of Appellant by the Community Supervision Office,
and recessed the case to November 14, 1996. No finding of guilt was made at that time. There
was no plea bargain.
      On November 14, at 11:06 a.m., the court called the case. Appellant and his counsel were
not present. The court had the bailiff call Appellant's name three times at the courthouse door,
with no response. The court then ruled that Appellant had voluntarily absented himself from trial
after commencement and, pursuant to the authority granted in article 33.03, Texas Code of
Criminal Procedure, resumed the trial without Appellant and his counsel being present. The State
then called and examined two witnesses, Police Officer Baker and Stephen A. Rust. The period
of time that Appellant's counsel was not present did not exceed twenty minutes.
      Appellant's counsel appeared and stated that it was entirely his fault that he and his client were
not present and that "he had it on his calendar for tomorrow." The court stated that it declined
to accept that explanation and that the case would proceed until 11:30 a.m. It was 11:26 at the
time.
      The case proceeded with the examination of State's witness, John Hoelscher, Appellant's
counsel participating. This took about five minutes. The court then, at Appellant's counsel's
request, recessed the case until the next morning, November 15, at 9:00 o'clock, for the defense
to present punishment evidence.
      On November 15, Appellant called witness Wibner as a penalty-phase witness.
      At the conclusion of her testimony, the State and Appellant both rested. The State then argued
for "permanent conviction and no deferred adjudication." Appellant's counsel argued for
"probation" or "deferred adjudication." The trial court sentenced Appellant to eight years in
TDCJ-ID.
      Appellant, by different counsel, appeals on one point of error: 
"By conducting a portion of the trial in the absence of counsel the District Court has
deprived Appellant of effective assistance of counsel as guaranteed by the Sixth and
Fourteenth Amendments to the Constitution of the United States."

      The right to assistance of counsel in a criminal proceeding is guaranteed by the Sixth
Amendment to the U.S. Constitution. This right, applicable to the states through the Fourteenth
Amendment, extends to all charged with an offense for which imprisonment could be imposed. 
The right attaches during any stage of the criminal proceedings where the substantial rights of the
accused may be affected. Trevino v. State, 565 S.W.2d 938, 940 (Tex. Crim. App. 1978).
      Appellant contends he was deprived of his right to counsel when the trial court conducted a
portion of his plea hearing in the absence of his counsel.
      While a trial court should be ever vigilant to see that counsel is present at all times during the
course of a trial, an accused is not deprived of his constitutional right to counsel every time the
trial court proceeds in the absence of defense counsel. Gobert v. State, 717 S.W.2d 21, 23 (Tex.
Crim. App. 1986); Heredia v. State, 528 S.W.2d 847 (Tex. Crim. App. 1975). In Heredia,
defense counsel arrived three minutes after the trial court resumed voir dire.
      Appellant's plea hearing began October 4, 1996. Appellant appeared with counsel and pled
"no contest." Appellant signed a judicial confession and a stipulation of evidence was admitted
into evidence. The trial judge stated the need for a pre-sentence investigation and directed
Appellant to meet with a community supervision officer, and then recessed the case until
November 14, 1996. At 11:06 a.m. on November 14, the trial court resumed the proceedings,
noting that the case "as it relates to punishment" had been continued to this date at defense
counsel's request. Defense counsel and Appellant were not present and the court had Appellant
called three times outside the courtroom. When Appellant and his counsel did not appear, the
judge directed the State to call its next witness. The State then called and examined two
witnesses, Officer Baker and Stephan A. Rust. As noted, this took less than twenty minutes. At
the conclusion of the State's examination of Rust, the judge noted the presence of defense counsel
and informed him the proceedings had continued in his and Appellant's absence because neither
had appeared when the case was called. Counsel stated both his and Appellant's absences were
due to a scheduling error by counsel. The judge told defense counsel to be seated and stated that
the morning proceeding would conclude at 11:30 a.m. as he had a speaking engagement. The
State then called its final witness, Mr. Hoelscher. Defense counsel objected to Hoelscher's
testimony as irrelevant and cross-examined him. At defense counsel's request, the court then
continued the proceedings until the next morning for presentation of the defense evidence.
      When the court reconvened the next morning, defense counsel called witness Wibner and then
rested.
      In closing, the State argued for prison time and defense counsel argued for regular or deferred
adjudication probation. The trial court adjudicated Appellant guilty and assessed eight years in
prison.
      Appellant contends he was harmed by defense counsel's absence during the State's
examination of Officer Baker and Mr. Rust because he was denied the opportunity to object and
seek exclusion of allegedly inadmissible portions of their testimony from the court's consideration
in determining guilt and assessing punishment. In support of his contention, Appellant cites Rust's
testimony that Appellant was a "compulsive liar" and Baker's testimony that based on his
investigation (1) he formed the opinion Appellant forged Rust's name on the certification of title
in an effort to hide assets from his lienholders; (2) that he received calls from persons who
indicated they had been harmed by Appellant's unethical and fraudulent business dealings; and (3)
that John Hoelscher sent him documentation regarding a civil suit against Appellant. 
      In essence Appellant complains that defense counsel's absence deprived him of his
constitutional right of confrontation. Appellant, however, had knowingly and voluntarily, in open
court, waived "the appearance, confrontation, and cross-examination of witnesses." Appellant had
stipulated that on November 17, 1995, he did unlawfully and without authority sign the name of
Stephen A. Rust to an application for certificate of title."
      Baker testified that he investigated this case; that Appellant furnished him information as to
why he transferred the vehicle to Rust without Rust's knowledge or permission; that Appellant
stated the vehicle was a gift to Rust, but the title application on which Appellant signed Rust's
name stated that $500 was paid for the vehicle. Baker testified it was his opinion that Appellant
was trying to hide assets from creditors by the transaction; and that no one spoke highly of
Appellant except his girlfriend.
      Rust testified he worked as office manager for Appellant for three months; that he did not
know of a car being given to him by Appellant; that when he found that the car had been
transferred to him, he went to the police; that he did not sign the application for transfer; that he
did not pay Appellant $500; that while working for Appellant he learned Appellant was being sued
by Hoelscher; that he came to know Appellant's reputation in community; that Appellant had a
bad reputation and was a compulsive liar; and that he left Appellant's employment because he
found out Appellant had forged his name to the title transfer.
      Baker's and Rust's evidence was admissible and authorized by article 37.07, § 3(a), of the
Texas Code of Criminal Procedure.
      The only harm Appellant contends was caused by defense counsel's absence was the
deprivation of confrontation of the witnesses, a right which Appellant waived on October 4, 1996.
      We hold that the circumstances in this case did not rise to the level of deprivation of the right
to counsel. Moreover, we determine beyond a reasonable doubt, that the circumstances, if
constituting error, did not contribute to the conviction or punishment of Appellant. Tex. R. Crim.
Proc. 44.2(a).
      Appellant's point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 4, 1998
Do not publish