COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-07-332-CR

 

 

ROBERT RODRIGUEZ                                                            APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

         FROM CRIMINAL
DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

Introduction

Appellant Robert Rodriguez appeals his conviction
for unlawfully possessing a firearm while being a convicted felon.  In his only issue, appellant contends that
the trial court erred by refusing his request for self-representation.  We affirm.








Background Facts

In 2005, appellant was convicted of possessing
cocaine (a felony) and was sentenced to 140 days=
confinement.  In July 2006, while on
surveillance in a high-crime area, Fort Worth Police Department Officer Ronald
McMullen saw appellant lay a plastic bag on a park table while he was smoking
and rolling cigarettes with two other individuals.  Upon approaching appellant, Officer McMullen
noticed that the bag contained a green leafy substance that he believed to be
marijuana.[2]  While Officer McMullen was placing appellant
under arrest for possessing the marijuana, he found a .38 caliber pistol in
appellant=s back left pants pocket.[3]       








In January 2007, a grand jury indicted appellant
for possessing the gun within five years of his release from confinement for
his possession of cocaine conviction.  See
Tex. Penal Code Ann. ' 46.04(a)(1) (Vernon Supp.
2008).  Appellant retained counsel in
February 2007.  After the parties filed
various pretrial documents, appellant=s case
was tried in August 2007.  Following voir
dire and challenges and strikes to potential jurors made by both parties, the
trial court seated twelve jurors and required them to swear or affirm that they
would render a true verdict according to the law and evidence presented to
them.  The next morning, when the trial
judge asked appellant=s counsel, Hiram Bodon, whether
he was ready to proceed, the following colloquy occurred:

MR. BODON:       Your
Honor, my client has just informed me that he wishes to represent himself.

 

THE COURT:        Too late.

 

. . .


 

MR. BODON:       Now,
Your Honor, before they bring the jury in, I=d like to object to the Court not allowing Mr.
Rodriguez to represent himself.  I
understand that it is late in the game, but, you know, he has made his claim
and it is his right toCit=s his right and he says
he doesn=t have any confidence in
me.  He would have done it earlier but he
couldn=t figure out what to
do.  As you recall right before the trialC 

 

THE COURT:        I
thought you wanted to make an objection. 
I overruled your objection.

 

MR. BODON:       Thank
you, Your Honor.

 








Following that exchange, the judge read the
indictment and appellant pled not guilty. 
After testimony concluded and counsel presented closing arguments, the
jury deliberated and convicted appellant of unlawfully possessing the gun.  At the conclusion of the punishment phase of
appellant=s trial, the jury assessed eight
years=
confinement.  Appellant timely perfected
this appeal. 

The Trial Court=s
Decision on Appellant=s
Request for Self-Representation

In his only issue, appellant contends that the
trial court erred by not allowing him to represent himself.  The Sixth Amendment to the U.S. Constitution
implicitly creates a right of self-representation in criminal cases.  See U.S. Const. amend. VI; Faretta
v. California, 422 U.S. 806, 821B36, 95
S. Ct. 2525, 2534B41 (1975); Blankenship v.
State, 673 S.W.2d 578, 583B84 (Tex.
Crim. App. 1984).  This right is
concomitant with the right to counsel. Hatten v. State, 71 S.W.3d 332,
333 (Tex. Crim. App. 2002).  A proper
exercise of the right requires the trial court to ensure that the defendant=s
decision to represent himself is being made competently, knowingly,
intelligently, and voluntarily.  Moore
v. State, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999), cert. denied,
530 U.S. 1216 (2000).

Denial of the right of self-representation is not
subject to a harm analysis; rather, Aits
deprivation cannot be harmless.@  McKaskle v. Wiggins, 465 U.S. 168,
177, 104 S. Ct. 944, 950 n.8 (1984). 
Therefore, the improper denial of the right mandates automatic reversal
of the defendant=s conviction.  See Nelson v. State, 810 S.W.2d 753, 755
(Tex. App.CDallas 1991, pet. ref=d). 








However, an assertion of the right to
self-representation must be made in a timely manner.  See McDuff v. State, 939 S.W.2d 607,
619 (Tex. Crim. App. 1997).  In this
respect, the assertion is only timely if it is made before the jury is
impaneled.  See id. (holding that
because Aappellant=s
request [for self-representation] was long after the jury had been impaneled,
such request was not timely@);
Blankenship, 673 S.W.2d at 585; Dotson v. State, 785 S.W.2d 848, 853
(Tex. App.CHouston [14th Dist.] 1990, pet.
ref=d)
(deciding that the Aappellant=s
claimed assertion of the right to defend pro se was untimely since it was made
after the jury was impaneled@).[4]  A jury has been impaneled when those who have
been chosen to serve have been selected and sworn.  See Hill v. State, 827 S.W.2d 860, 864
(Tex. Crim. App.), cert. denied, 506 U.S. 905 (1992); Price v. State,
782 S.W.2d 266, 269 (Tex. App.CBeaumont
1989, pet. ref=d).   








In this case, after voir dire on August 27, 2007,
the trial judge called the names of twelve jurors and instructed them to sit in
the jury box.  After releasing the
remaining members of the jury panel, the trial judge explained the oath that
was required to the twelve jurors.  The
judge inquired whether the twelve jurors solemnly swore or affirmed that they
would render a true verdict according to the law and the evidence, and the
jurors responded that they would do so. 
The judge then told the jury that Aby that
oath you just became officers of this court.@  Finally, the judge gave the jury further
instructions and released them for the day. 
Appellant=s request for
self-representation did not occur until the next morning.  

Because appellant=s
request to represent himself clearly followed the selection and swearing of the
jury, the request was not timely.[5]  McDuff, 939 S.W.2d at 619.  Therefore, the trial court did not err in
denying the request by reasoning that it was made Atoo
late.@  Id.; see also Ex parte Winton,
837 S.W.2d 134, 135 (Tex. Crim. App. 1992) (stating that the Aright
[of self-representation] must be asserted in a timely manner, namely, before
the jury is impaneled@).  Thus, we overrule appellant=s only
issue.

 

 








Conclusion

Having overruled appellant=s sole
issue, we affirm the trial court=s
judgment.

 

TERRIE
LIVINGSTON

JUSTICE

PANEL:  LIVINGSTON, HOLMAN, and
GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:   November 26, 2008











[1]See Tex. R. App. P. 47.4.





[2]Appellant admitted at
trial that he went to the park to smoke marijuana.





[3]The two individuals who
were smoking marijuana with appellant at the time Officer McMullen approached
testified that the gun was on the table rather than in appellant=s pocket.  Appellant testified that he knew that a gun
was on the table, but that he never owned or possessed the gun.  However, appellant has not challenged the
sufficiency of the evidence presented at trial that he possessed the gun.  





[4]Federal courts have also
consistently noted that a request for self-representation made after a jury is impaneled
is untimely.  See United States v.
Young,  287 F.3d 1352, 1354 (11th
Cir.), cert. denied, 537 U.S. 1031 (2002); United States v.
Vandergriff, No. 97‑51051, 1999 WL 33988011, at *3 (5th Cir. Feb. 17,
1999), cert. denied, 531 U.S. 1057 (2000). 

 

  





[5]Appellant acknowledges in
his brief that the right of self-representation must generally be asserted
before the jury is impaneled, and he acknowledges that his request was made
after jury selection.