

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 2-07-332-CR

ROBERT RODRIGUEZ                                              APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Robert Rodriguez appeals his conviction for unlawfully possessing a firearm while being a convicted felon. In his only issue, appellant contends that the trial court erred by refusing his request for self-representation. We affirm.

----

[1] *See* Tex. R. App. P. 47.4.

**Background Facts**

In 2005, appellant was convicted of possessing cocaine (a felony) and was sentenced to 140 days' confinement. In July 2006, while on surveillance in a high-crime area, Fort Worth Police Department Officer Ronald McMullen saw appellant lay a plastic bag on a park table while he was smoking and rolling cigarettes with two other individuals. Upon approaching appellant, Officer McMullen noticed that the bag contained a green leafy substance that he believed to be marijuana.[2] While Officer McMullen was placing appellant under arrest for possessing the marijuana, he found a .38 caliber pistol in appellant's back left pants pocket.[3]

In January 2007, a grand jury indicted appellant for possessing the gun within five years of his release from confinement for his possession of cocaine conviction. *See* Tex. Penal Code Ann. § 46.04(a)(1) (Vernon Supp. 2008). Appellant retained counsel in February 2007. After the parties filed various

---

[2] Appellant admitted at trial that he went to the park to smoke marijuana.

[3] The two individuals who were smoking marijuana with appellant at the time Officer McMullen approached testified that the gun was on the table rather than in appellant's pocket. Appellant testified that he knew that a gun was on the table, but that he never owned or possessed the gun. However, appellant has not challenged the sufficiency of the evidence presented at trial that he possessed the gun.

pretrial documents, appellant's case was tried in August 2007. Following voir dire and challenges and strikes to potential jurors made by both parties, the trial court seated twelve jurors and required them to swear or affirm that they would render a true verdict according to the law and evidence presented to them. The next morning, when the trial judge asked appellant's counsel, Hiram Bodon, whether he was ready to proceed, the following colloquy occurred:

MR. BODON: Your Honor, my client has just informed me that he wishes to represent himself.

THE COURT: Too late.

. . .

MR. BODON: Now, Your Honor, before they bring the jury in, I'd like to object to the Court not allowing Mr. Rodriguez to represent himself. I understand that it is late in the game, but, you know, he has made his claim and it is his right to—it's his right and he says he doesn't have any confidence in me. He would have done it earlier but he couldn't figure out what to do. As you recall right before the trial—

THE COURT: I thought you wanted to make an objection. I overruled your objection.

MR. BODON: Thank you, Your Honor.

Following that exchange, the judge read the indictment and appellant pled not guilty. After testimony concluded and counsel presented closing arguments, the jury deliberated and convicted appellant of unlawfully

3

possessing the gun.  At the conclusion of the punishment phase of appellant's trial, the jury assessed eight years' confinement.  Appellant timely perfected this appeal.

**The Trial Court's Decision on Appellant's Request for Self-Representation**

In his only issue, appellant contends that the trial court erred by not allowing him to represent himself.  The Sixth Amendment to the U.S. Constitution implicitly creates a right of self-representation in criminal cases. *See* U.S. Const. amend. VI; *Faretta v. California*, 422 U.S. 806, 821–36, 95 S. Ct. 2525, 2534–41 (1975); *Blankenship v. State*, 673 S.W.2d 578, 583–84 (Tex. Crim. App. 1984).  This right is concomitant with the right to counsel. *Hatten v. State*, 71 S.W.3d 332, 333 (Tex. Crim. App. 2002).  A proper exercise of the right requires the trial court to ensure that the defendant's decision to represent himself is being made competently, knowingly, intelligently, and voluntarily. *Moore v. State*, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999), *cert. denied*, 530 U.S. 1216 (2000).

Denial of the right of self-representation is not subject to a harm analysis; rather, "its deprivation cannot be harmless." *McKaskle v. Wiggins*, 465 U.S. 168, 177, 104 S. Ct. 944, 950 n.8 (1984).  Therefore, the improper denial of the right mandates automatic reversal of the defendant's conviction. *See Nelson v. State*, 810 S.W.2d 753, 755 (Tex. App.—Dallas 1991, pet. ref'd).

4

However, an assertion of the right to self-representation must be made in a timely manner. *See McDuff v. State*, 939 S.W.2d 607, 619 (Tex. Crim. App. 1997). In this respect, the assertion is only timely if it is made before the jury is impaneled. *See id.* (holding that because "appellant's request [for self-representation] was long after the jury had been impaneled, such request was not timely"); *Blankenship*, 673 S.W.2d at 585; *Dotson v. State*, 785 S.W.2d 848, 853 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd) (deciding that the "appellant's claimed assertion of the right to defend pro se was untimely since it was made after the jury was impaneled").[4] A jury has been impaneled when those who have been chosen to serve have been selected and sworn. *See Hill v. State*, 827 S.W.2d 860, 864 (Tex. Crim. App.), *cert. denied*, 506 U.S. 905 (1992); *Price v. State*, 782 S.W.2d 266, 269 (Tex. App.—Beaumont 1989, pet. ref'd).

In this case, after voir dire on August 27, 2007, the trial judge called the names of twelve jurors and instructed them to sit in the jury box. After

---

[4] Federal courts have also consistently noted that a request for self-representation made after a jury is impaneled is untimely. *See United States v. Young*, 287 F.3d 1352, 1354 (11th Cir.), *cert. denied*, 537 U.S. 1031 (2002); *United States v. Vandergriff*, No. 97-51051, 1999 WL 33988011, at *3 (5th Cir. Feb. 17, 1999), *cert. denied*, 531 U.S. 1057 (2000).

releasing the remaining members of the jury panel, the trial judge explained the oath that was required to the twelve jurors. The judge inquired whether the twelve jurors solemnly swore or affirmed that they would render a true verdict according to the law and the evidence, and the jurors responded that they would do so. The judge then told the jury that "by that oath you just became officers of this court." Finally, the judge gave the jury further instructions and released them for the day. Appellant's request for self-representation did not occur until the next morning.

Because appellant's request to represent himself clearly followed the selection and swearing of the jury, the request was not timely.[5] *McDuff*, 939 S.W.2d at 619. Therefore, the trial court did not err in denying the request by reasoning that it was made "too late." *Id.*; *see also Ex parte Winton*, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992) (stating that the "right [of self-representation] must be asserted in a timely manner, namely, before the jury is impaneled"). Thus, we overrule appellant's only issue.

---

[5] Appellant acknowledges in his brief that the right of self-representation must generally be asserted before the jury is impaneled, and he acknowledges that his request was made after jury selection.

6

**Conclusion**

Having overruled appellant's sole issue, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 26, 2008