NO. 07-11-00472-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 30, 2013

IVAN PAUDA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-424,455; HONORABLE JIM BOB DARNELL, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Ivan Pauda, appeals his conviction for the offense of aggravated robbery, and resulting sentence of twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant presents two issues. First, appellant contends that the trial court erred in accepting appellant's guilty plea without inquiring into appellant's competence. Second, appellant contends that he was constructively denied counsel at voir dire when his counsel did not hear the basis upon which a prospective juror was excused. We will affirm.

## Appellant's Competence

By his first issue, appellant contends that the trial court erred in accepting his plea of guilt without inquiring into appellant's competence. Appellant requests that this appeal be abated and remanded to the trial court for retrospective competency proceedings. Concluding that the trial court did inquire into appellant's competence, we will overrule appellant's first issue.

Before trial, appellant's counsel filed a motion for psychiatric examination to determine appellant's competence to stand trial. The trial court granted appellant's motion. As a result, appellant was evaluated and, in a report that was submitted to the trial court, determined to be competent to stand trial.

"No plea of guilty . . . shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2012). A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proven incompetent by a preponderance of the evidence. Id. art. 46B.003(b) (West 2006). However, when a suggestion of a defendant's incompetency is made, a trial court must determine whether there is some evidence that would support a finding that the defendant is incompetent to stand trial. Id. art. 46B.004(c) (West Supp. 2012). Whether there is sufficient evidence to create a bona fide doubt in the mind of the judge whether the defendant is legally competent is reviewed for abuse of discretion. See Moore v. State, 999 S.W.2d 385, 393 (Tex.Crim.App. 1999).

In assessing a defendant's competency, a trial court may appoint an expert to examine the defendant and report to the court on the competency of the defendant. TEX. CODE CRIM. PROC. ANN. art. 46B.021(a) (West 2006). An ordered competency examination constitutes an inquiry into a defendant's mental competency. See Criswell v. State, 278 S.W.3d 455, 459 (Tex.App.—Houston [14th Dist.] 2009, no pet.). Thus, we conclude that the trial court did inquire into appellant's competency to stand trial in a manner sufficient to comply with article 46B.004(c). Further, nothing in the record of appellant's plea of guilt suggests that appellant was incompetent to stand trial or enter a plea of guilty. Consequently, we overrule appellant's first issue.

Ineffective Assistance of Counsel

By his second issue, appellant contends that he was constructively deprived of counsel during voir dire because his attorney failed to hear a prospective juror whom the trial court excused. Because appellant presents his issue as one of a complete deprivation of the assistance of counsel, he contends that prejudice is presumed. We conclude that appellant was not constructively deprived of counsel and, therefore, will overrule his second issue.

Generally, claims of ineffective assistance of counsel require proof that counsel's performance was so deficient that counsel was not functioning as the counsel required by the Sixth Amendment, and that counsel's deficient performance prejudiced the defense to such an extent that the defendant was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, when a defendant's attorney is absent or prevented from assisting the defendant at a

3

critical stage of his prosecution, prejudice to the defendant is presumed. See United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Voir dire is a critical stage of a defendant's prosecution. Eason v. State, 563 S.W.2d 945, 946-47 (Tex.Crim.App. 1978). Constructive denial of counsel occurs only in a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant can be said to have been essentially denied any meaningful assistance at all. Childress v. Johnson, 103 F.3d 1221, 1229 (5th Cir. 1997). However, merely "'bad lawyering, regardless of how bad, does not support the [per se] presumption' of prejudice under Cronic." Id. (quoting McInerney v. Puckett, 919 F.2d 350, 353 (5th Cir. 1990)).

In the present case, after general voir dire, it was determined that certain prospective jurors needed to be interviewed individually. The first such prospective juror, Mr. Ramirez, stated that it would be hard for him to judge the defendant because he has a grandson that is going to court and Ramirez hopes that he "gets off for his deal." The trial court asked Ramirez if he was saying that he did not feel that he "could be fair and impartial because of your grandson's situation." Ramirez told the court, "I don't feel it's right for me to go judge somebody else and I'm hoping that he gets off for his situation, too." The trial court then, *sua sponte*, excused Ramirez. After Ramirez was excused and left the courtroom, appellant's trial counsel asked what Ramirez had said. When informed of what Ramirez had said, appellant's trial counsel stated, "[s]ounds like a fair juror to me."

4

To establish a claim for deprivation of counsel, appellant must prove that his trial counsel could have taken the action appellant claims he should have taken and that, if counsel had taken that action, there was sufficient evidence supporting that action to establish that it would have been accepted by the trial court. See Jackson v. State, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998) (appellant must prove that motion to suppress would have been granted to establish that he was deprived of counsel by counsel's failure to file motion to suppress). In the present case, the record reflects that Ramirez was excused by the trial court, rather than challenged for cause. Compare TEX. CODE CRIM. PROC. ANN. art. 35.03, § 1 (West Supp. 2012), with art. 35.16 (West 2006). A trial court's excusal of a prospective juror is reviewed for abuse of discretion. Murray v. State, 861 S.W.2d 47, 51 (Tex.App.—Texarkana 1993, pet. ref'd).

Initially, we note that appellant's issue does not challenge the propriety of the trial court's excusal of Ramirez. Appellant fails to present any argument contending that the trial court abused its discretion in excusing Ramirez. Additionally, while appellant is correct in contending that a prospective juror should not be excused for cause so long as the prospective juror can set aside his personal feelings about a matter and follow the law as instructed, see Riley v. State, 889 S.W.2d 290, 296 (Tex.Crim.App. 1993), nothing in the record before this Court indicates that Ramirez could set aside his personal feelings arising from his grandson's situation and follow the law as instructed. An allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. See Bone v. State, 77 S.W.3d 828, 835 (Tex.Crim.App. 2002). Appellant's argument is premised on the assumption that, had appellant's trial counsel heard what Ramirez said to the trial

court, trial counsel could have rehabilitated Ramirez. However, the record before us does not reflect that such rehabilitation would be possible. As such, appellant has failed to prove that his trial counsel could have objected to the trial court's excusal of Ramirez as an abuse of discretion, and that, even if counsel had been able to and had taken that action, that counsel's efforts to rehabilitate Ramirez would have been effective and accepted by the trial court. See Jackson, 973 S.W.2d at 957.

Consequently, we conclude that appellant has failed to establish that he was constructively deprived of the assistance of counsel at a critical stage of his prosecution. Further, we conclude that appellant has failed to establish that his counsel's failure to question prospective juror Ramirez rendered counsel's assistance ineffective. As such, we overrule appellant's second issue.

Conclusion

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock<br>Justice

Do not publish.

6