**Clifford Scott MEDLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–98–0225–CR.**

Court of Appeals of Texas, Amarillo.

Oct. 27, 2000.

Discretionary Review Refused May 23, 2001.

Daniel W. Hurley, Aaron R. Clements, Hurley, Sowder & Reyes, Lubbock, for appellant.

Rebecca King, Melinda Mayo, Potter County Dist. Attys. Office, Amarillo, for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

## ON STATE'S MOTION FOR REHEARING

JOHNSON, Justice.

On consideration of the State's Motion for Rehearing, we withdraw our opinion of August 31, 2000.

Appellant Clifford Scott Medley appeals his conviction for murder. Appellant asserts that the trial court erred in refusing to allow him to withdraw his waiver of right to counsel just prior to trial. We reverse and remand.

## BACKGROUND

In May, 1995, appellant Clifford Scott Medley and Frankie Steinbrecher (Frankie) were living together at the Coach Light Inn in Amarillo, Texas. Frankie and appellant broke up, and Frankie went to the Inn to pack up her effects. She disappeared. Her body was discovered on June 7, 1995, near Amarillo. She had been strangled.

In June, 1995, appellant was indicted for murdering Frankie and counsel was appointed to represent him. In May, 1997, appellant expressed dissatisfaction with his appointed counsel because of alleged lack of communication and lack of activity by counsel. Appellant requested removal of appointed counsel. In June, 1997, appointed counsel was allowed to withdraw from representing appellant, and attorney Warren Clark was appointed as new counsel. In October, 1997, appellant requested that he be allowed to represent himself with Clark as "assistant counsel." Appellant expressed no dissatisfaction with Clark's representation, but believed that "justice [would] be best served if I represent myself ." After thoroughly admonishing appellant of the disadvantages of representing himself, and finding that appellant's decision was knowingly and voluntarily made, the trial judge granted appellant's request. At the same time, the court appointed Clark as "standby counsel"[1] to appellant. The court also set a trial date for March, 1998, and advised appellant that if he decided at some later time that he wanted Clark to represent him, that such decision and possible lack of preparation by Clark because of the timing of appellant's decision would not be grounds for a continuance of the trial.

Subsequent to the court's granting his request to proceed *pro se*, appellant filed numerous motions, attended pretrial hearings, examined witnesses in hearings, and participated in discovery proceedings. Pursuant to his request, the trial court granted appellant access to a law library for a specified number of hours per week. Appellant conferred with standby counsel, was furnished copies of documents by the State's attorneys, and had access to the State's files.

The March trial date was rescheduled to April 7, 1998, due to an extended trial over which the trial judge was presiding. The

---

**1.** *See Faretta v. California,* 422 U.S. 806, 819–20, 95 S.Ct. 2525, 2532, 45 L.Ed.2d 562 (1975).

case was called for trial on the morning of April 7th. The State announced ready, but appellant moved for a continuance based on his allegations that the State had not timely produced certain evidence. His motion for continuance was denied. Appellant then announced that he was not prepared to go forward with the trial and defend himself, and responded to the trial judge's questioning by stating that he was asking the court to withdraw his previous waiver of his right to counsel. The trial judge denied appellant's request to withdraw his waiver of his right to counsel because appellant's request was made to "manipulate the orderly process of the court system." The jury panel was then summoned and jury selection began.

Appellant, assisted by standby counsel Clark, represented himself during voir dire, the jury selection process, and trial of the case until the State rested. After the State rested, appellant renewed his request "to have counsel" and an "expert assistant." The trial judge questioned appellant about his continuing to represent himself. After conferring with Clark, appellant told the judge that he wished to continue to represent himself because he wanted to present "[his] side of the story" that appellant did not feel would be presented if appellant were to be represented by Clark as his appointed attorney in charge of the case. Clark disclosed to the court that appellant indicated a desire to represent himself through the guilt-innocence stage of trial, but that appellant wanted Clark to represent him in the punishment stage of trial if the case reached that point.

Appellant continued to represent himself through presentation of defendant's case, the State's rebuttal witnesses, formulation of the jury charge, jury arguments, and jury deliberations on guilt. The jury found appellant guilty. Following return of the jury's verdict of guilty, appellant requested the court to allow standby counsel Clark to represent him. After determining that the withdrawal of appellant's right to represent himself was voluntarily and knowingly made, the trial judge appointed Clark as trial counsel. The trial then proceeded with both the State and appellant presenting evidence during the punishment phase. The jury assessed punishment at confinement for life.

By his one issue, appellant urges that he was denied counsel during the guilt-innocence phase of trial in violation of his rights under the Sixth Amendment to the United States Constitution, Article I, Section 9 of the Texas Constitution,[2] and Texas Code of Criminal Procedure article 1.051(h).[3] Appellant's brief does not include a harm analysis in support of his claim that a violation of Article 1.051(h) requires reversal. *See Llamas v. State*, 12 S.W.3d 469 (Tex.Crim.App.2000). Instead, appellant relies on *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); and *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), in asserting that the denial of counsel is not subject to harmless error review, but rather, mandates automatic reversal.

**2.** Because appellant does not argue that the Texas Constitution provides more protection to him in this matter than does the United States Constitution, we will not address his state constitution claim separately. *Brown v.*

*State*, 943 S.W.2d 35, 36 n. 3 (Tex.Crim.App. 1997).

**3.** Hereinafter referred to simply as Article 1.051(h).

The State responds by delineating the extensive period of time spent by the trial judge in admonishing appellant of the seriousness of his trying to represent himself, and in advising appellant that appellant's asserting of his right to represent himself would not be allowed to disrupt the trial schedule and orderly presentation of the case. The State cites us to *United States v. Pollani*, 146 F.3d 269 (5th Cir.1998); *United States v. Taylor*, 933 F.2d 307 (5th Cir.1991); and *Culverhouse v. State*, 755 S.W.2d 856 (Tex.Crim.App.1988), *cert. denied*, 488 U.S. 863, 109 S.Ct. 164, 102 L.Ed.2d 134 (1988), in supporting the trial judge's actions as not violating appellant's right to counsel. By its Motion for Rehearing, the State also urges that *Marquez v. State*, 921 S.W.2d 217 (Tex.Crim.App. 1996), mandates a presumption against allowing the withdrawal of waiver of counsel, and requires appellant to bear the burden of proving that no delay or disruption of orderly administration of justice would have accrued if the trial court had granted his request to withdraw his waiver. The State then argues that appellant did not offer proof that his request would not have disrupted or manipulated the orderly administration of justice, and that the trial court did not abuse its discretion by denying appellant's request. Although *Marquez* deals with the issue of withdrawal of waiver of the right to a jury, we agree with the State that it provides an appropriate framework with which to analyze appellant's issue. We disagree that application of *Marquez* mandates that we overrule appellant's sole issue.

## LAW

■ When interpreting the federal constitution we follow the guidance of the United States Supreme Court. *State v. Guzman*, 959 S.W.2d 631, 633 (Tex.Crim. App.1998). Issues as to authoritative laws, rules and remedies designed to secure federally-guaranteed rights are federal questions. *Chapman v. California*, 386 U.S. 18, 21, 87 S.Ct. 824, 826, 17 L.Ed.2d 705 (1967). Thus, in addressing appellant's assertion that he was denied his rights under the Sixth Amendment to the United States Constitution, we begin by looking to federal court decisions.

■ The Sixth Amendment to the United States Constitution provides that in criminal prosecutions the defendant enjoys the right to have the assistance of counsel for his defense. U.S. CONST. amend. VI. The Sixth Amendment right to counsel is extended to defendants in state court noncapital criminal proceedings through the Fourteenth Amendment. *Ferguson v. Georgia*, 365 U.S. 570, 596, 81 S.Ct. 756, 5 L.Ed.2d 783 (1961).

■ The right to effective assistance of counsel is implicated when the challenged conduct affects the ability of the accused to receive a fair trial, and includes the entitlement of a defendant to be effectively represented by counsel at all critical stages of a criminal proceeding. *Cronic*, 466 U.S. at 659, 104 S.Ct. at 2047. Whether a particular part of the trial process is a "critical stage" is determined not by whether the defendant suffered prejudice by the absence of effective assistance of counsel during that part of the proceedings, but rather, whether critical rights of a defendant can be lost at the stage in question. *See, e.g., Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975) (final summation); *White v. Maryland*, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963) (preliminary hearing); *Hamilton v. Alabama*, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961) (arraignment); *Ferguson v. Georgia*, 365 U.S. 570, 81 S.Ct. 756, 5 L.Ed.2d 783 (1961) (defendant entitled to present his testimony by questions from his attorney). If counsel is

either totally absent or is prevented from assisting the accused during a critical stage of the proceedings, then the trial is unfair and reversal of a conviction is mandated, regardless of whether it is or can be shown that the defendant suffered prejudice from the lack of effective assistance of counsel. *Cronic,* 466 U.S. at 659 & n. 25, 104 S.Ct. at 2047 & n. 25; *Pollani,* 146 F.3d at 274.

▮▮ Jury selection is a critical stage in a criminal trial such that the trial is unfair if the accused is denied counsel during that part of the trial. *United States v. Hanno,* 21 F.3d 42, 47 (4th Cir. 1994); *Nelson v. State,* 810 S.W.2d 753, 755 (Tex.App.—Dallas 1991, pet. ref'd) (right to counsel attaches for voir dire of jury panel). The portion of a criminal trial during which evidence is taken on the issue of defendant's guilt is likewise a critical stage during which the defendant has the right to counsel. *Green v. Arn,* 809 F.2d 1257, 1263 (6th Cir.1987), *vacated,* 484 U.S. 806, 108 S.Ct. 52, 98 L.Ed.2d 17, *on remand,* 839 F.2d 300.

▮ A defendant may waive the right to counsel and represent himself or herself. *See Faretta v. California,* 422 U.S. 806, 819–20, 95 S.Ct. 2525, 2532, 45 L.Ed.2d 562 (1975). If a defendant waives the right to counsel, exercises his or her Constitutional right to self-representation, and standby counsel is appointed to assist in the defense, then the defendant, and not standby counsel, is in control of presentation of the case to the trier of fact. *See McKaskle v. Wiggins,* 465 U.S. 168, 183–84, 104 S.Ct. 944, 953–54, 79 L.Ed.2d 122 (1984). Accordingly, standby counsel does not equate to counsel "for his defence" to which a defendant is entitled by the Sixth Amendment. *See Faretta,* 422 U.S. at 834 n. 46, 95 S.Ct. at 2541 n. 46; *United States v. Taylor,* 933 F.2d 307, 312–13 (5th Cir. 1991).

▮ Although the Sixth Amendment right to counsel is absolute, the *exercise* of that right is subject to the necessities of sound judicial administration. *United States v. Arlen,* 252 F.2d 491, 494 (2d Cir.1958). Trial courts have the duty, and discretion, to maintain the orderly flow and administration of judicial proceedings, including the exercise of a defendant's right to counsel. *See Faretta,* 422 U.S. at 834, n. 46, 95 S.Ct. at 2541, n. 46 (trial court may appoint standby counsel over objection of defendant); *Taylor,* 933 F.2d at 311 (trial court need not countenance abuse of right to counsel or right to waive it); *United States v. Magee,* 741 F.2d 93, 95 (5th Cir.1984) (trial court has discretion whether to grant request to change counsel on morning of trial); *United States v. Dardi,* 330 F.2d 316, 335 (2d Cir.1964) (trial court has discretion to adjourn trial or to appoint counsel to represent defendant when defendant's trial counsel becomes ill).

▮ Stated succinctly, "The control of the business of the [trial] court is vested in the sound discretion of the trial judge." *Marquez,* 921 S.W.2d at 223. Appellate review of such discretionary decisions is for abuse of the trial court's discretion. *See id.*

▮ If the right to counsel is waived, the waiver can ordinarily be withdrawn, and the right to counsel reasserted. *Pollani,* 146 F.3d at 273; *Taylor,* 933 F.2d at 311; *see Marquez,* 921 S.W.2d at 222 n. 4. But, the defendant does not have the right to repeatedly alternate his position on the right to counsel and thereby delay trial or otherwise obstruct the orderly administration of justice. *Pollani,* 146 F.3d at 273; *Taylor,* 933 F.2d at 311; *Webb v. State,* 533 S.W.2d 780, 784 (Tex.Crim.App.1976).

■ The Court of Criminal Appeals has held that, even for constitutional claims, generally, a party seeking to change the status quo bears the burden of showing facts entitling him to relief. *Marquez*, 921 S.W.2d at 222. And, a criminal defendant who waives an absolute right and seeks to reclaim that right occupies the status of one seeking to change the status quo. *Id.* at 223 (waiver of jury trial). If the evidence presented by a defendant seeking to reclaim a right previously waived is rebutted by the State, the trial court, or the record, then the trial court does not abuse its discretion in refusing to allow the right to be reclaimed. *Id.*

■ Certain federal constitutional errors labeled by the United States Supreme Court as "structural" errors require reversal of the case without consideration of whether the error caused harm. *See Arizona v. Fulminante*, 499 U.S. 279, 309–10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *Cain v. State*, 947 S.W.2d 262, 264 & n. 5 (Tex.Crim.App.1997). Such cases are categorically immune from harmless error review. *Fulminante*, 499 U.S. at 309–10, 111 S.Ct. 1246; *Cain*, 947 S.W.2d at 264 & n. 5. The Sixth Amendment right to counsel is one such right that mandates reversal without consideration of whether harm was caused, if the right is violated. *Cronic*, 466 U.S. at 659 & n. 25, 104 S.Ct. at 2047 & n. 25; *Pollani*, 146 F.3d at 274.

## ANALYSIS

■ Denial of the right to counsel during the jury selection process, *Hanno*, 21 F.3d at 47; *Nelson*, 810 S.W.2d at 755, and presentation of the State's case against a defendant in a murder case,

*Green*, 809 F.2d at 1263, is denial of counsel during a critical part of the trial process when substantial rights of a defendant can be lost. *Cronic*, 466 U.S. at 659 & n. 25, 104 S.Ct. at 2047 & n. 25. As such, the denial of counsel requires reversal of the judgment without consideration of whether appellant was harmed thereby, *id.; Pollani*, 146 F.3d at 274, unless the denial was in order to prevent an unreasonable delay of appellant's trial or disruption of the orderly administration of justice. *Taylor*, 933 F.2d at 311; *see Nelson*, 810 S.W.2d at 755. And, even though *Marquez* addresses a defendant's reclaiming of the right to a jury trial following waiver of such right, the evidentiary requirements set out for a defendant to reclaim a previously-waived Sixth Amendment right to jury trial seem appropriate for a defendant seeking to reclaim a previously-waived right to counsel. Those requirements are that the record show a request to revoke the waiver sufficiently in advance of trial,[4] such that granting the request will not: (1) interfere with the orderly administration of the business of the court, (2) result in unnecessary delay or inconvenience to witnesses, or (3) prejudice the State. Any showing by the defendant may be rebutted by the State, the trial court, or the record itself. *Marquez*, 921 S.W.2d at 223. The decision of the trial court as to the effect the reclamation of the right by the defendant would have on the orderly administration of justice will not be disturbed on appeal absent an abuse of discretion.

The record reveals that as the result of an October, 1997, hearing, the trial judge granted appellant's request to represent himself. Following that ruling, appellant

---

4. Because our disposition of the appeal is based on appellant's claim of violation of his Sixth Amendment right to counsel, we do not consider nor offer opinion on how the statutory authorization for a defendant to withdraw a waiver of the right to counsel "at any time" would affect the timing requirement of the request to revoke the waiver. *See* Article 1.051.

did not change positions on whether he wanted to represent himself until the morning trial was to begin on the rescheduled date of April 7, 1998. Following the October, 1997, hearing, appellant filed numerous handwritten motions requiring pretrial hearings on his motions. Standby counsel Clark attended the pretrial hearings and participated, to some extent, without protest by appellant. The March 3, 1998, trial date first set by the trial judge was vacated because of a capital murder trial being tried by the judge, and not because of any action or request by or on behalf of appellant. The trial court administrator testified at the hearing on appellant's motion for new trial that the trial was originally rescheduled for March 31, 1998, then again rescheduled by the court administrator to April 7th, because the capital murder trial had not been completed. Appellant neither requested nor caused any continuances or resetting of his trial until his motion for continuance on the morning of April 7th. To the contrary, one of the reasons appellant gave for requesting replacement of his first appointed counsel was lack of activity on his case. According to the trial court administrator, the trial was originally rescheduled to March 31, 1998, which was not a regular trial week for the court, because appellant "was ready to go to trial and he wanted to get to trial...." Appellant's motion for continuance presented on the morning of trial was based on his allegation that the State withheld material evidence until just days prior to the trial date. After hearing the motion, the trial court denied a continuance.

 ■ After his motion for continuance was denied, appellant advised the judge that he was not ready to represent himself and that he was asking the court to withdraw his previous waiver of counsel. He did not specifically request that Clark be appointed to represent him at trial, although Clark was present. The record reflects that Clark had diligently attended to his duties as both trial counsel, after his appointment in June, 1997, and as standby counsel, after his appointment as such in October, 1997. Clark filed numerous motions during his tenure as trial counsel. After he was appointed as standby counsel, Clark acted as intermediary between appellant and the State's attorneys on occasion, attended hearings, and was in regular contact with both appellant and the prosecutors during the time leading up to the trial settings.

Neither appellant nor anyone on his behalf requested a postponement of the trial based on appellant's request to withdraw his waiver of right to counsel on the morning trial was to begin. Clark was in the courtroom during the pretrial proceedings. The record does not reflect Clark's unwillingness, inability or even unpreparedness to immediately assume the role of trial counsel for appellant, if the trial court had granted appellant's request to revoke his waiver of right to counsel. The record reflects that appellant sought to have his case proceed to trial, not to unreasonably delay trial or to manipulate the justice system. That part of the record was not rebutted by the State, the trial court, or other parts of the record. *See Marquez,* 921 S.W.2d at 223; *Nelson,* 810 S.W.2d at 754. The trial court reversably erred in denying appellant's request to withdraw his prior waiver of right to counsel.

## CONCLUSION

The trial court erred in denying appellant's request to withdraw his waiver of right to counsel. The United States Supreme Court has mandated that the error requires reversal without review for harm, thus we sustain appellant's sole issue. *Cronic,* 466 U.S. at 659 & n. 25, 104 S.Ct.

at 2047 and n. 25; *Pollani,* 146 F.3d at 273–74. Because we sustain appellant's claim that he was denied his right to counsel under the Sixth Amendment, we do not address his assertion that the denial of his request to withdraw his prior waiver of right to counsel violated Article 1.051(h). Tex.R.App.P . 47.1.

We reverse the judgment of conviction and remand the cause to the trial court for a new trial. Tex.R.App.P. 43.2(d). The State's Motion for Rehearing is overruled.