



★ ★ ★                                          ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00207-CR

Theodore **STREATER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-5076
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Alma L. López, Chief Justice
               Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice

Delivered and Filed:   June 25, 2008

AFFIRMED

Theodore Streater was convicted by a jury of burglary of a habitation, aggravated assault

with a deadly weapon, and four counts of aggravated sexual assault. On appeal, Streater contends

the evidence is legally and factually insufficient to support his conviction, and the trial court abused

its discretion in denying his motion for continuance. We affirm the trial court's judgment.

**DENIAL OF CONTINUANCE**

Granting or denying a motion for continuance is within the sound discretion of the trial court. *Wright v. State*, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000). In order to establish an abuse of the trial court's discretion, an appellant must show that the denial of his motion resulted in actual prejudice. *Id*. The bare assertion that counsel did not have adequate time to prepare for trial does not alone establish prejudice. *Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995); *Wilson v. State*, 195 S.W.3d 193, 198 (Tex. App.—San Antonio 2006, no pet.).

In his brief, Streater asserts that he was prejudiced by the trial court's denial of his motion for continuance because trial counsel needed additional time to review reports and exhibits before cross-examining witnesses. On August 21, 2006, Streater first requested that he be permitted to represent himself after expressing dissatisfaction with his appointed counsel, Cornelius Cox. After a hearing, Cox was permitted to withdraw. On August 22, 2006, Stephanie Boyd was appointed to represent Streater, and Streater changed his mind about representing himself and decided to have Boyd represent him. The hearings scheduled for that day were postponed, and trial was subsequently set to commence in December of 2006 or January of 2007. In November of 2006, the trial court conducted two pre-trial hearings on Boyd's motions. On January 26, 2007, Streater filed another motion requesting to represent himself which was granted; however, Boyd was appointed as standby counsel. At least five hearings were subsequently held on Streater's *pro se* pre-trial motions. On February 27, 2007, two days before trial was set to commence, Streater again changed his mind and requested that Boyd represent him. On February 28, 2007, Boyd filed a motion for continuance, requesting a four-day continuance. Boyd informed the trial court that Streater had been

given all of her documents when he was permitted to represent himself, and she needed additional time to review the documents and prepare.

Based on the record presented, the trial court did not abuse its discretion in denying the motion for continuance. Boyd had been preparing the case for trial for five months before Streater's motion to represent himself was granted. Although voir dire was conducted on March 1, 2007, the trial did not actually commence until March 5, 2007, which gave Boyd an additional four days to prepare. Finally, even if Streater could point to specific prejudice under this issue, "he would not now be allowed to profit from" his own decision to represent himself one month prior to trial. *Wright*, 28 S.W.3d at 533; *see also Medley v. State*, 47 S.W.3d 17, 23 (Tex. App.—Amarillo 2000, pet. ref'd) (noting a defendant does not have the right to repeatedly alternate his position on the right to counsel and thereby delay trial or otherwise obstruct the orderly administration of justice). Streater's third issue is overruled.

### SUFFICIENCY OF THE EVIDENCE

In his first and second issues, Streater challenges the legal and factual sufficiency of the evidence to establish his identity as the perpetrator of the offenses. When a party attacks the legal sufficiency of the evidence, we view the evidence in a light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In conducting a factual sufficiency review, this court views all of the evidence in a neutral light and sets aside the verdict only if: (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust; or (2) the verdict is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). "[D]ue deference must be accorded the fact finder's determinations,

particularly those determinations concerning the weight and credibility of the evidence," and a reviewing court's disagreement "with the fact finder's determination is appropriate only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Id*. at 9.

Streater was charged with breaking into a home, threatening the owner of the home, R.P., with a gun before tying him up and sexually assaulting R.P.'s wife, N.P., and daughter, M.P.  R.P. testified that he recognized Streater's voice when he was interviewed on television after his arrest as the voice of the person who broke into their home.  R.P. also identified a folding lock-blade knife that had been taken from their home, pawned by Streater, and recovered by police.  One of the investigating officers, Sergeant Harold Stech, recovered the knife after checking pawnshop records. The pawn ticket for the knife, listing Streater as the person who pawned the knife, was introduced into evidence as well as a still photograph from the pawnshop's video surveillance system that showed Streater exiting the pawnshop.

Shortly after the burglary, R.P.'s stolen credit card was used at an ATM machine, and Jesus Garcia observed the person using the card.  Garcia testified that Streater resembled that person although Garcia was not one hundred percent certain that the person was Streater.  Garcia also generally described the vehicle that the person was driving. When questioned about a picture taken of the vehicle Streater drove, Garcia stated that the picture was very similar to the vehicle he saw the person driving that night.  R.P. testified that some CDs and DVDs had been moved during the burglary, and Streater's fingerprint was recovered from one of the DVDs that had been purchased while R.P. and N.P. were stationed in Japan and only unpacked by R.P. the day of the burglary.  The computer image, that N.P. assisted the police in preparing, was introduced into evidence, and the

jury was able to compare the computer image to Streater. N.P. expressed difficulty making an identification during a photo line-up and failed to identify Streater; however, N.P. identified Streater in the courtroom at trial. Streater could not be excluded as the donor of the foreign genetic material recovered from an anal swab taken from M.P. even though 99.9 percent of the population could be excluded. Although an expert witness for the defense questioned the methodology used by the expert who tested the DNA evidence, the jury was the judge of the weight to be given to the testimony of the various witnesses. The evidence is legally and factually sufficient to identify Streater as the perpetrator of the offenses.

## CONCLUSION

The judgment of the trial court is affirmed.

Rebecca Simmons, Justice

DO NOT PUBLISH