**Opinion filed February 26, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00109-CR

_____

## ROY LEE FORD, Appellant

## V.

## STATE OF TEXAS,  Appellee

**On Appeal from the 252nd District Court**

**Jefferson County, Texas**

**Trial Court Cause No. 95767**

## M E M O R A N D U M   O P I N I O N

The jury convicted Roy Lee Ford of aggravated sexual assault of a disabled child and assessed his punishment at confinement for life in the Institutional Division of the Texas Department of Criminal Justice.  Appellant challenges his conviction in three issues.  We affirm.

*Factual Background*

Appellant does not challenge the sufficiency of the evidence supporting his conviction. Accordingly, we will limit our discussion of the evidence offered at trial.  In this regard, the State

offered significant evidence of appellant's guilt. A passerby testified that she observed appellant having sexual intercourse with the victim inside his place of business. Police officers responding to the scene removed appellant and the victim from the business. A sexual assault nurse examiner who examined the victim immediately after the episode observed a fresh injury of the victim's vaginal area.

The trial court appointed counsel for appellant on September 2, 2005. Appellant subsequently became dissatisfied with appointed counsel. At a hearing conducted on May 9, 2006, appellant informed the trial court that he wanted to "relieve [appointed counsel] of his duties" and represent himself pro se. Appellant then engaged in the following dialogue with the trial court:

THE DEFENDANT: I admitted [sic] the State Bar in 1969. I've got my license for 16 years and I never had one grievance filed against me and I do know courtroom procedure.

THE COURT: Okay.

THE DEFENDANT: I will just conduct my own defense.

THE COURT: Are you still a licensed attorney?

THE DEFENDANT: My license is in voluntary suspension right now because I haven't practiced law in 16 years.

THE COURT: Do I need to explain to you the pitfalls of representing yourself?

THE DEFENDANT: I know the pitfalls of it; but I don't have any choice if I don't have any representation, Your Honor.

THE COURT: Well, I'm going to let you do whatever you want to do. If you want to represent yourself your –

THE DEFENDANT: I only had five minutes in nine months to talk to the man who won't even answer my letters I wrote him.

THE COURT: Do you want me to relieve [appointed counsel] on your case or do you want to represent yourself?

THE DEFENDANT: I want to represent myself.

2

THE COURT: I'm going to put [appointed counsel] on as stand-by counsel, and I'm going to let you represent yourself pro se.

. . . .

THE COURT: So, with that, I'm going to let you go pro se. Again, I'm going to tell you I don't advise that you do that. I'm going to leave [appointed counsel] as your stand-by attorney, and we'll get you set for trial.

The case proceeded to trial on March 19, 2007, with appellant representing himself. Consistent with its previous statement, the trial court provided appellant with stand-by counsel at trial. Appellant advised the court prior to jury selection that "[he] would take an attorney if an attorney would work for [him]." The trial court informed appellant that he previously made the choice to represent himself and that the trial would proceed that day with appellant having stand-by counsel available to advise him. At appellant's request, the trial court provided him with an opportunity to confer with stand-by counsel prior to voir dire. After conferring with stand-by counsel, appellant advised the court that he needed an attorney to be appointed that would "aid and assist" him in the trial as opposed to merely advising him on the law. The trial court denied the request by making the following ruling:

[Appellant], you're the one that made the request to go pro se in this matter, not me; and I'm going to honor your request. You do not get the luxury of showing up down here the day of trial and expecting this man to be ready.

The trial court additionally warned appellant prior to jury selection that he would harm himself if he continued to interrupt the proceedings.

*Issues*

In his first issue, appellant contends that the trial court failed to adequately admonish him concerning the dangers of self-representation. Appellant argues that he was denied a right to counsel in his second issue. Appellant's third issue addresses the trial court's decision to shackle him during the trial.

*Self-Representation and Right to Counsel*

In all criminal prosecutions, the accused has a right to the assistance of counsel for his defense. U.S. CONST. amend. VI. A defendant in a criminal proceeding also has a Sixth Amendment

3

right to self-representation rather than being represented by counsel. *Faretta v. California*, 422 U.S. 806, 819 (1975). To choose self-representation competently and intelligently, the defendant should be made aware of the dangers and disadvantages of self-representation so that the record will establish that the defendant "knows what he is doing and his choice is made with his eyes open." *Faretta*, 422 U.S. at 835. The record must contain proper admonishments concerning self-representation and necessary inquiries of the defendant so that the trial court may make an assessment of his knowing exercise of the right to defend himself. *Goffney v. State*, 843 S.W.2d 583, 585 (Tex. Crim. App. 1992). However, the trial court is not required to follow a particular script of questions and warnings to establish a knowing and intelligent waiver. *See Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984).

In the typical case, the trial court is generally required to inform the accused that there are technical rules of evidence and procedure and that the pro se defendant will not be granted any special consideration. *See Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008). The facts in this appeal are unusual because of appellant's previous status as an attorney. As such, appellant obviously possessed a knowledge of the risks of self-representation. In this regard, appellant specifically advised the trial court that he was aware of the pitfalls of self-representation. In light of appellant's background and his statement that he was aware of the risks of representing himself, the record establishes that the trial court had an ample basis to determine that appellant was making a knowing and intelligent waiver of his right to counsel. Appellant's first issue is overruled.

Appellant premises his second issue on the trial court's failure to appoint counsel for him when he requested it on the morning of trial. An accused has the right to withdraw his waiver of the right to counsel. *See Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986). However, the right to waive self-representation is not without limits. "Trial courts have the duty, and discretion, to maintain the orderly flow and administration of judicial proceedings, including the exercise of a defendant's right to counsel." *Medley v. State*, 47 S.W.3d 17, 23 (Tex. App.—Amarillo 2000, pet. ref'd) (citing *Faretta*, 422 U.S. at 834 n.46). An accused's right to represent himself or choose his own counsel cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. *Hubbard v. State*, 739 S.W.2d 341, 344 (Tex. Crim. App. 1987). A decision of the trial court as to the effect the reclamation of the right by the

defendant would have on the orderly administration of justice will not be disturbed on appeal absent an abuse of discretion. *Medley*, 47 S.W.3d at 24.

In overruling appellant's subsequent request for counsel, the trial court noted that he had not requested the appointment of counsel during the ten-month period that preceded the date for trial following his request to represent himself. The appointment of counsel for appellant likely would have delayed the proceedings so that the newly appointed counsel would have an opportunity to prepare for trial. We conclude that the trial court did not abuse its discretion in determining that the appointment of counsel for appellant would disrupt the orderly administration of justice. Appellant's second issue is overruled.

*Restraint of Appellant During Trial*

Appellant argues in his third issue that the trial court erred by shackling him during trial without sufficient evidence to warrant the use of physical restraints. The first mention in the record of appellant being shackled to the floor at counsel's table occurred during his voir dire examination of the jury. Appellant stated as follows to the venire panel: "I'm not even afforded the opportunity to stand up there at the podium like the district attorney here because I'm chained to the floor. Bad criminal. Bad criminal." The trial court noted at the end of the voir dire examination that a skirt placed around appellant's counsel table concealed the restraint from view. Appellant made a subsequent reference to the restraint while cross-examining the eyewitness to the crime. Appellant informed the court that the restraint restricted his ability to demonstrate how he allegedly committed the act of sexual intercourse with the victim. The trial court provided appellant with the following explanation of why he was shackled to the floor:

> Well, I'll just tell you every time you've been in this courtroom you have been one of the most combative and appeared to be one of the more violent offenders that this Court has ever come into contact with. And it's for your safety and for everyone else's safety that that chain's going to stay on your foot.

The right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment. *Estelle v. Williams*, 425 U.S. 501, 503 (1976). In our criminal justice system, the presumption of innocence is a basic component of a fair trial. *Id*. When the jury sees the defendant in shackles, his constitutional presumption of innocence is infringed. *Moore v. State*, 535 S.W.2d 357, 358 (Tex. Crim. App. 1976). The trial court should make all efforts to prevent a jury from seeing a defendant

5

in shackles unless there has been a showing that there are exceptional circumstances requiring a need for such restraints. *Long v. State*, 823 S.W.2d 259, 282 (Tex. Crim. App. 1991). Under such exceptional circumstances, it is within the discretion of the trial court to require the defendant to be tried in restraints. *Id*. But the record must clearly and affirmatively reflect the trial court's reasons for placing the defendant in restraints. *Id*. We review the trial court's ruling for abuse of discretion. *Long*, 823 S.W.2d at 282.

Appellant contends that the use of shackles negatively affected him in two ways. First, he argues that the use of the shackles in the presence of the jury impermissibly infringed upon his constitutional presumption of innocence. We disagree. As noted above, the shackles were not readily visible to the jury because of a skirt that had been placed around appellant's counsel table. The jury only learned of the shackles by virtue of appellant's disclosure in an apparent attempt to garner sympathy from the jury. It is a well-settled principle of law that a criminal defendant cannot invite error and then complain of it on appeal. *See Prystash v. State*, 3 S.W.3d 522, 532 (Tex. Crim. App. 1999). Furthermore, the trial court explained to appellant that he was restrained based upon his combative and violent nature. The record does not reflect that the trial court abused its discretion in making this determination.

Appellant additionally contends that the restraints impeded his ability to engage in a courtroom demonstration. The trial court permitted appellant to attempt the demonstration at counsel tables. The record does not indicate that the trial court abused its discretion in deciding that appellant remained shackled during his demonstration. In this regard, a trial court has broad discretion in the conduct of a trial proceeding. *See State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 199 (Tex. Crim. App. 2003) (orig. proceeding). Appellant's third issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE

February 26, 2009

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.