

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00368-CR
No. 07-22-00369-CR

**PABLO OLIVAREZ, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 287th District Court
Bailey County, Texas
Trial Court Nos. 3178, 3268, Honorable Gordon H. Green, Presiding by Assignment

December 19, 2023

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Pablo Olivarez, appeals two convictions for assault on a peace officer[1] and the resulting sentences. Appellant presents two issues on appeal, both involving his self-representation at trial. We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 22.01 (a)(1), (b-2).

## BACKGROUND

In May of 2020, Appellant was charged with assault on a peace officer. The record reflects the following exchange at a status conference on September 22, 2021:

The Court: Let's address the issue. What are you going to do about a lawyer to represent you in these two cases?[2]

Appellant: I'll represent myself.

The Court: I told you in the 3178, that this is a felony of the second degree, and what the range of punishment is.

Appellant: Yes, sir.
. . .

The Court: So do you want to represent yourself in these cases?

Appellant: Yes, sir.

The Court: So you have made it known that you desire to waive your right to an attorney in this case and represent yourself. It is the duty of the Court to determine whether you are making a voluntary and intelligent choice to proceed without a lawyer. Let me advise you that you do have the right to represent yourself if, after being advised of the dangers and disadvantages of self-representation, you voluntarily and intelligently waive the right to counsel. Let me explain that if you do so, you will be giving up a great advantage of having someone that is trained in the law and understands the rules of procedure and the rules of evidence. This Court cannot represent you. If you represent yourself, you will be required to follow all the rules of procedure and rules of evidence that are applicable to the trial and appeal of criminal cases. You will not be granted any leeway in connection with these rules, but will be held to the same standard that an attorney would be required to follow. Do you understand that?

Appellant: I understand.

---

[2] The two cases referenced were trial court Cause Nos. 3178 and 3179. Cause No. 3179, which involved a first-degree felony and a second-degree felony, is not at issue in this appeal.

The trial court asked whether Appellant understood the charges against him and the punishment that could be imposed, which Appellant confirmed. The trial court asked whether anyone had promised Appellant anything in exchange for giving up his right to counsel or threatened him in any way, which Appellant denied. The trial court continued:

The Court:     Do you still want to proceed without a lawyer in these cases?

Appellant:     Yes, sir.

The trial court provided Appellant with a written waiver of counsel and asked Appellant to read it carefully. Following a recess, Appellant informed the trial court that he was going to hire an attorney. The trial court advised Appellant that docket call was set for October 6 and he would need to hire counsel by then.

On March 9, 2022, Appellant was arraigned in trial court Cause No. 3268 on another count of assault on a peace officer arising from the same episode. During the hearing, the trial court stated:

> I want the record to reflect that [Appellant] has two other district court cases pending against him, and for some extended period of time. Originally, he was given an affidavit of indigency to file for a court-appointed lawyer, and he returned that, and said he wanted to hire his own lawyer. He has made a number of court appearances to report on the status of his lawyer. The last time you were in court, you still didn't have a lawyer hired in the other two cases.

Appellant responded that he was "in the process of hiring one" but did not have counsel at the time. He asked the trial court about the range of punishment and his possible sentence if he pleaded guilty to two of the charges.

3

The two charges of assault on a peace officer were consolidated for a jury trial. At the June 1, 2022 docket call, Appellant appeared pro se and participated in the discussion of pretrial matters. The record contains no discussion of Appellant's counsel or lack thereof at that time. The trial court informed the parties that Cause Numbers 3178 and 3268 were set for trial on June 15. At trial, Appellant appeared pro se. He made an opening statement, made objections, cross-examined the State's witnesses, and made a closing argument. After the jury was unable to reach a verdict on either case, the trial court declared a mistrial.

The cases were again set for trial on October 27, 2022. During the State's examination of its second witness, the trial court called a recess. Outside the presence of the jury, the trial court admonished Appellant to refrain from making sidebar remarks and to compose himself. The judge further stated, "You made the election some time ago to represent yourself in these proceedings, and it's been explained and reminded you many times, you're obligated to follow all the rules of procedure and the rules of evidence that attorneys are required to follow."

The State rested on October 28 and Appellant informed the trial court that he wished to testify. The jury left the courtroom and the trial court admonished Appellant regarding his right not to testify and the implications of a decision to testify. When the jury returned to the courtroom, Appellant first announced that he wanted to testify, then stated that he was not going to testify. He made a brief statement, then rested. The jury reached unanimous verdicts finding Appellant guilty in both cases. The trial court ordered a recess before the punishment phase of trial, informing the parties to return by 12:30

4

and the jurors to return by 1:00. When Appellant failed to return for the punishment phase that day, the trial court announced a recess.

Appellant was later found, arrested, and taken into custody, and the punishment phase of the trial was conducted on November 2, 2022. Following a mid-morning recess, after the State had presented three witnesses, Appellant asked the trial court, outside the presence of the jury, "Can I get representation now?" The trial court responded, "It's a little late." The trial court then explained, "You can get representation at any point but I'm not taking time out of this trial at this point with the jury here waiting and evidence in progress to address that right now. Bring the jury up."

During the State's redirect examination of its fifth witness, Appellant interrupted to ask, "Your Honor, can I request representation?" The trial court asked the jury to step outside the courtroom before addressing Appellant's request. The trial court recited numerous occasions indicating Appellant had appeared at hearings and was given time to hire an attorney, then continued:

> The Court: I'm not going to go through all these dates —
>
> Appellant: Yes, sir.
>
> The Court: — that have occurred, but on more than one occasion you, the Court advised you of the dangers and disadvantages of representing yourself, did I not, did the Court not?
>
> Appellant: Yes, Your Honor.
>
> . . .
>
> The Court: And on multiple occasions in there, you were advised by the Court of the dangers and disadvantages of representing yourself and on multiple occasions, I told you that you needed a lawyer to assist and represent you; do you recall that?

5

Appellant:   No, Your Honor.

The Court:   You don't recall that?

Appellant:   My only issue was the state's motion in limine put my whole – put everything in a different prospective [sic], I mean, it changed everything, the state's motion in limine.

The Court:   The Court's recollection is that on numerous occasions you were advised of the dangers and disadvantages of representing yourself and you continued to insist that you wanted to represent yourself. We went through a prior trial and the jury in that case was unable to – you represented yourself in that prior trial; do you recall that?

Appellant:   Yes, sir.

. . .

The Court:   And then we – we started this punishment hearing this morning after the jury found you guilty of these two cases and just as I took this recess, you requested representation.

Appellant:   Yes, sir.

The Court:   And so –

Appellant:   I'm requesting representation.

The Court:   And I'm going to deny your request at this time because of the extreme delay[;] you've had multiple, numerous opportunities to hire your own lawyer, to seek the appointment of a court appointed lawyer, and you have done neither[;] you have not hired your own lawyer, you have not requested the Court to appoint you a lawyer, after having been advised of the indigent's rights on multiple occasions until now, that's just inappropriate to address that at this time. I'm going to continue this punishment hearing.

After the jury returned, Appellant requested "a dismissal based on misconduct of the prosecution," which was denied. Appellant continued to participate in the proceedings, making objections, cross-examining witnesses, and making a closing argument. Having already found Appellant guilty, the jury sentenced him to eighteen

years' confinement for the first charge, with a fine of $2,500, and twelve years' confinement for the second charge, with a fine of $2,500.  This appeal followed.

**ANALYSIS**

Applicable Law

Both federal and state law guarantee a criminal defendant the right to assistance of counsel, as well as the right to waive counsel and represent himself.  *See* U.S. CONST. amends. VI, XIV; TEX. CONST. art. 1, § 10; *Faretta v. California*, 422 U.S. 806, 807, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); *Hatten v. State*, 71 S.W.3d 332, 333 (Tex. Crim. App. 2002).  To be constitutionally effective, a defendant's decision to represent himself must be made competently, voluntarily, knowingly, and intelligently.  *Godinez v. Moran*, 509 U.S. 389, 400–02, 113 S. Ct. 2680, 125 L. Ed. 2d 321 (1993); *Collier v. State*, 959 S.W.2d 621, 625–26 (Tex. Crim. App. 1997) (en banc).  Once a defendant asserts his right to self-representation, a trial court is obligated to advise him of the dangers and disadvantages of self-representation.  *See Faretta*, 422 U.S. at 835; *Ex parte Winton*, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992) (en banc).  A trial judge must inform the defendant that there are technical rules of evidence and procedure and that the defendant will not be given any special consideration simply because he has asserted the right of self-representation.  *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008).

Issue 1: Lack of *Faretta* Warnings

Appellant claims, by his first issue, that the record is void of any *Faretta* warnings prior to Appellant's waiver of counsel.  When the record does not show that an appellant was sufficiently admonished as required by *Faretta*, "it is reversible error, not subject to a

harm analysis." *Id.* at 357. "There is no formula or script that must be read to a defendant who asserts his right to self-representation" but the trial court "must take an active role in assessing whether the defendant knowingly exercises that right." *Huggins v. State*, 674 S.W.3d 538, 541 (Tex. Crim. App. 2023). We look at the totality of the circumstances to determine whether a defendant's waiver of counsel was effective. *See Williams*, 252 S.W.3d at 356.

The record clearly reflects that the trial court informed Appellant that if he chose to represent himself, he would be "giving up a great advantage of having someone that is trained in the law and understands the rules of procedure and the rules of evidence." The trial court explained that Appellant would be required to follow those rules, not granted any leeway, and held to the same standard as an attorney. The record shows that, in subsequent hearings, Appellant acknowledged having been so admonished. We conclude that the trial court adequately admonished Appellant as to the dangers and disadvantages of representing himself. *See Faretta*, 422 U.S. at 835. We overrule his first issue.

Issue 2: Failure to Appoint Counsel

By his second issue, Appellant contends that he invoked his right to counsel and that the trial court reversibly erred by failing to appoint counsel or hold a hearing on his request for counsel. As the record shows, Appellant asked about obtaining counsel during the punishment phase of the second trial. The trial court denied the requests.

"Although the Sixth Amendment right to counsel is absolute, the *exercise* of that right is subject to the necessities of sound judicial administration. Trial courts have the

duty, and discretion, to maintain the orderly flow and administration of judicial proceedings, including the exercise of a defendant's right to counsel." *Medley v. State*, 47 S.W.3d 17, 23 (Tex. App.—Amarillo 2000, pet. ref'd) (emphasis in original) (citations omitted). Thus, "the statutory right to withdraw a waiver of counsel 'at any time' is temporal and not absolute." *Huggins*, 674 S.W.3d at 540.

Generally, a defendant seeking to withdraw a previous waiver of his right to counsel may do so if his request is made "sufficiently in advance of trial such that granting his request will not: (1) interfere with the orderly administration of the business of the court, (2) result in unnecessary delay or inconvenience to witnesses, or (3) prejudice the State." *Marquez v. State*, 921 S.W.2d 217, 223 (Tex. Crim. App. 1996) (en banc). A trial court does not abuse its discretion by denying a request for appointed counsel when it correctly determines a defendant is manipulating the right to counsel for purposes of delay. *See Davis v. State*, No. 09-15-00450-CR, 2017 Tex. App. LEXIS 4226, at *5–6 (Tex. App.—Beaumont May 10, 2017, no pet.) (mem. op., not designated for publication); *see also Medley*, 47 S.W.3d at 23 (a defendant "does not have the right to repeatedly alternate his position on the right to counsel and thereby delay trial or otherwise obstruct the orderly administration of justice.").

We have described above a portion of the history of these cases, which includes extensions of time for Appellant to obtain counsel and a delay in the punishment phase due to Appellant's failure to return to court. Appellant sought to reassert his right to counsel late in the proceedings, in the middle of the punishment phase. The appointment or procurement of counsel at that stage likely would have disrupted the orderly presentation of the cases and resulted in another delay for the jury and the witnesses.

9

Therefore, we conclude there was no abuse of discretion in the trial court's implicit determination that Appellant failed to show that the reassertion of his right to counsel would not cause delay or prejudice.  We overrule Appellant's second issue.

## CONCLUSION

Having overruled both of Appellant's issues, we affirm the trial court's judgment.


Judy C. Parker
Justice


Do not publish.