**AFFIRMED AS MODIFIED and Opinion Filed January 5, 2024**



**In the**

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00550-CR**

**RICKY LEE STEVENSON, II, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-81736-2022**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Carlyle

Ricky Lee Stevenson, II, appeals his conviction for aggravated kidnapping.

We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Mr. Stevenson began trafficking C.R. for prostitution when she was sixteen years old. On January 23, 2021, Mr. Stevenson and C.R., who was seventeen by then, were arguing outside a shop in Plano. Surveillance footage showed Mr. Stevenson stomping on C.R.'s foot and punching her in the face. As C.R. fell backwards onto the concrete, Mr. Stevenson turned, walked back towards his car, and opened his door. Then, after appearing to realize C.R. was lying on the ground unconscious, Mr. Stevenson returned to C.R. and told her to get in the car. When she

did not respond, he yanked her up by her shirt, and forced her into the passenger side of his car. As Mr. Stevenson closed the door behind her and started running back to the drivers' side, C.R. opened the door and climbed out. Mr. Stevenson then ran back around the car and again forced C.R. inside. But as he ran back around to the drivers' side, C.R. again climbed out.

By this time, a crowd had gathered and called police. An onlooker took C.R. to safety, and Mr. Stevenson fled in his car. Police later identified him from the surveillance footage, and the grand jury indicted him on charges of aggravated kidnapping, enhanced by a prior felony conviction for Assault Family Violence Impede Breath/Circulation.

Before trial, Mr. Stevenson hired multiple attorneys to represent him, but he fired each within a few months of retention. At a pretrial hearing, Mr. Stevenson informed the trial court that he wished to represent himself, and the court appointed Matthew Goheen as standby counsel to assist him in the proceedings.

The jury convicted Mr. Stevenson as charged and sentenced him to 59 years' imprisonment. In his motion for new trial, Mr. Stevenson asserted denial of his Sixth Amendment right to counsel for the first time, claiming he asked standby counsel to take over representation mid-trial and that standby counsel refused. The trial court denied Mr. Stevenson's motion, and he appeals.

THE TRIAL COURT DID NOT DENY MR. STEPHENSON HIS RIGHT TO COUNSEL

Mr. Stevenson first contends the trial court's "unjustifiable interference" prevented him from reasserting his right to counsel during the trial, thus denying him his Sixth Amendment right to counsel. Subject to exceptions not at issue here, a defendant may waive the right to self-representation once asserted. *See* TEX. CODE CRIM. PROC. art. 1.051(h); *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986) (A "defendant may . . . waive his right to represent himself once it has been asserted."). But to establish error based on the trial court's refusal to allow such a waiver, the record must show it was reasonably apparent to the trial court that the defendant "abandoned his initial request to represent himself." *Funderburg*, 717 S.W.2d at 642.

Here, it is undisputed that Mr. Stevenson never informed the trial court that he wished to abandon self-representation. Nevertheless, Mr. Stevenson makes the novel argument that the trial court denied him the right to counsel by preemptively refusing to allow him to waive self-representation. He bases his argument primarily on the following exchange at a pretrial hearing:

> [STATE]: And, Judge, I apologize coming late in the game. I know the Court's done admonishments with this defendant. I was informed that that's been done ad nauseam. Just so that I can understand with this type of proceeding, once we have a jury in the room, from that point forward, while Mr. Goheen will be there for consultation or discussion for procedural matters, my understanding is that it would be the defendant whose voice is the only voice heard from counsel table to the jury. Is that correct?

THE COURT: Correct.

[STATE]: Okay. That's all I need to know.

MR. GOHEEN: I'm [here] to ensure due process and procedure.

[STATE]: Then we're on the same page.

THE COURT: And that was at the Court's request. Not at Mr. Stevenson's request that I appoint standby counsel. Because, obviously, in a felony court on first-degree felonies, we do not see people representing themselves because most people understand the stakes are really, really high. And literally their life is at risk. So. But he is -- it's his decision. I have explained it. We've gone over it. I appointed Mr. Goheen as standby counsel. He also has conferred with Mr. Stevenson. And, at this point, he has elected to continue to represent himself.

[STATE]: Thank you, Judge. That's all I have.

THE COURT: So Mr. Goheen will be here just in case Mr. Stevenson has questions, that sort of thing. But Mr. Stevenson has elected to represent himself. So, yes, he will be the one presenting the case.

Nothing in that exchange suggests the trial court would prevent standby counsel from taking over the representation later upon Mr. Stevenson's request. The trial court merely clarified that, "at [that] point," because Mr. Stevenson had elected to "continue to represent himself," standby counsel's role was to advise Mr. Stevenson rather than address the jury. The trial court's statements in that regard are consistent with protecting Mr. Stevenson's elected right to self-representation against potential interference from standby counsel. *See McKaskle v. Wiggins*, 465 U.S. 168, 181–82 (1984) (noting that participation by standby counsel in the jury's presence is "problematic" because it undermines the defendant's pro se presentation

of his defense); *Culverhouse v. State*, 755 S.W.2d 856, 861 (Tex. Crim. App. 1988) ("There was no unsolicited, unwarranted participation by court-appointed standby counsel so as to interfere with appellant's Sixth Amendment right to self-representation.").

The only other portion of the record Mr. Stevenson identifies as support for his argument is standby counsel's post-trial testimony that it was his "understanding," based in part on previous unspecified warnings and admonishments from the trial court, that "should [Mr. Stevenson] insist on representing himself, that he would have to do so; and that, basically, he wouldn't be able to switch courses midstream." But the record does not reflect what the trial court purportedly said to give counsel that "understanding," apart from the exchange identified above—which we conclude does not establish an objectively reasonable basis for believing that the trial court would reject any future request to waive self-representation. Thus, without excluding the possibility that a trial court could preemptively deny the right to counsel by making statements suggesting that it would not permit a defendant to waive his right to self-representation once asserted, the record does not establish such a denial here.

THE TRIAL COURT PROPERLY DENIED MR. STEVENSON'S
MOTION FOR NEW TRIAL

Mr. Stevenson next contends the trial court erred by denying his motion for new trial, regardless of whether the trial court had preemptively denied him the right

–5–

to waive self-representation. We review the trial court's ruling for abuse of discretion. *See State v. Gutierrez*, 541 S.W.3d 91, 97–98 (Tex. Crim. App. 2017). Mr. Stevenson contends he proved that: (1) he "*unequivocally* reasserted his right to counsel" by asking standby counsel to take over the case; and (2) switching representation during the trial was permissible under the factors identified in *Medley v. State*, 47 S.W.3d 17 (Tex. App.—Amarillo 2000). Thus, according to Mr. Stevenson, standby counsel's refusal to take over the case effectively denied him the right to counsel in violation of the Sixth Amendment, warranting a new trial.

We reject the initial premise of Mr. Stevenson's argument because merely asking standby counsel to take over representation is not sufficient to reassert the right to counsel once it has been waived. To waive the right to self-representation after asserting it, a defendant must make it reasonably apparent to the trial court that he wishes to abandon self-representation. *See Funderburg*, 717 S.W.2d at 642 ("A waiver may be found if it reasonably appears to the court that defendant has abandoned his initial request to represent himself."). Mr. Stevenson did nothing to make the trial court aware that he wished to abandon self-representation, despite his standby counsel advising him that abandoning self-representation was an issue he would have to take up with the court. On this record, Mr. Stevenson did not establish that he was denied the right to the assistance of counsel guaranteed under the Sixth Amendment and the trial court did not abuse its discretion by denying his motion for new trial.

THE EVIDENCE SUFFICIENTLY SUPPORTS MR. STEVENSON'S CONVICTION

Mr. Stevenson next contends the evidence does not support his conviction for aggravated kidnapping. We review evidentiary sufficiency under the familiar *Jackson v. Virginia*[1] standard, viewing all evidence in the light most favorable to the verdict to determine whether the factfinder could rationally find guilt beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

A person commits aggravated kidnapping if "the person intentionally or knowingly abducts another person and uses or exhibits a deadly weapon during the commission of the offense." TEX. PENAL CODE § 20.04(b). "'Abduct' means to restrain a person with intent to prevent his liberation by . . . using or threatening to use deadly force." *Id.* § 20.01(2)(B). "'Restrain' means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person." *Id.* § 20.01(1). "Restraint is 'without consent' if it is accomplished by . . . force, intimidation, or deception." *Id.* § 20.01(1)(A).

As relevant to Mr. Stevenson's arguments, the indictment alleged that he

> did intentionally and knowingly abduct [C.R.] . . . by restricting the movements of [C.R.] without her consent so as to interfere substantially with her liberty, by moving her from one place to another with the intent to prevent her liberation, by using or threatening to use deadly force, namely striking [C.R.] in the head with a deadly weapon, to wit: Defendant's hand.

---

[1] 443 U.S. 307 (1979).

Mr. Stevenson does not challenge the jury's conclusion that he committed the requisite conduct; instead, he argues the evidence is insufficient to prove he formed the requisite intent to restrain C.R. before using the deadly force, so as to meet the statutory definition of "abduct." He argues that, because the surveillance video shows he walked back to his car after punching C.R., rather than forcing her to get into the car immediately after the punch, a rational jury could not conclude he punched C.R. with the intent to force her into the car.

But the jury saw the surveillance video. The jury heard evidence that C.R. told a witness that Mr. Stevenson was trying to take her somewhere she did not want to go. The jury could rationally infer from that statement that Mr. Stevenson punched C.R. to coerce her into going with him against her will. With respect to Mr. Stevenson initially walking back to the car after punching her, the jury could rationally conclude he expected C.R. to follow, and when she did not—because she was lying on the ground unconscious—he walked over, told her to get in the car, and then physically forced her to do so. Viewed in the light most favorable to the verdict, the jury could rationally conclude Mr. Stevenson struck C.R. with the requisite intent to "restrain" her for purposes of meeting the statutory definition of "abduct."

### THE JUDGMENT SHOULD BE MODIFIED

Mr. Stevenson next contends the trial court erred by requiring Mr. Stevenson to register as a sex offender, and the State appropriately concedes the error. As Mr. Stevenson correctly points out, the State did not allege or prove either that Mr.

–8–

Stevenson committed aggravated kidnapping with the intent to sexually abuse C.R. or that C.R. was younger than seventeen years old at the time of the offense. Thus, Mr. Stevenson's conviction for aggravated kidnapping is not a reportable conviction. *See* TEX. CODE CRIM. PROC. arts. 62.001 (5)(C), (E), 62.0051. We modify the judgment to remove the sex offender registration requirement.

Mr. Stevenson next contends we should modify the judgment to accurately reflect that his waiver of counsel and punishment election were not made in writing and that he did not waive his right to appeal. The State agrees. We have the power to modify judgments to speak truth when provided with the necessary information. TEX. R. APP. P. 43.2(b); *McDade v. State*, 613 S.W.3d 349, 358 (Tex. App.—Dallas 2020, no pet.) (citing *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas, pet. ref'd)). The record shows Mr. Stevenson's counsel waiver was not in writing, that he made an oral election for the jury to assess punishment, and that he did not waive his right to appeal. We therefore modify the judgment accordingly.

THERE WAS A RECORD BASIS FOR THE CHALLENGED COSTS

Finally, Mr. Stevenson complains that the trial court improperly assessed certain costs against him—$35 for serving a writ and $50 for a "warrant"—because there is no basis in the record for assessing those costs under code of criminal procedure article 102.011. With respect to the $35 assessment, the record shows the sheriff served a search warrant for Mr. Stevenson's Facebook records. Thus, there was a basis for that cost under code of criminal procedure article 102.011(a)(4).

–9–

With respect to the $50 assessment, the State argues that a "bench warrant" issued in the case qualifies as a reimbursable "arrest warrant" under article 102.011(a)(2). According to the State, a "bench warrant is, by definition, an arrest warrant." *See Bench Warrant*, BLACK'S LAW DICTIONARY (9th ed. 2009) (defining "bench warrant" as including "a writ issued directly by a judge to a law-enforcement officer, esp. for the arrest of a person who has been . . . indicted")). We agree. Though the statute does not specifically define "arrest warrants," subsection (b) describes reimbursement fees in addition to those provided by subsection (a). One of those fees is for mileage associated with "conveying a prisoner arrested on a warrant or capias issued in another county to the court or jail of the county." TEX. CODE CRIM. PROC. art. 102.011(b)(2). This describes the situation here, where as Mr. Stevenson's brief accurately describes, "a 'bench warrant' was issued to return Appellant from another county." We conclude the statute contemplates including bench warrants in the $50 fee "for executing or processing an issued arrest warrant, capias, or capias pro fine." *See id.* (a)(2).

As modified, we affirm the trial court's judgment. We direct the trial court to prepare a corrected judgment that reflects the modifications made in this Court's opinion and judgment.

*See Shumate v. State*, 649 S.W.3d 240, 245–46 (Tex. App.—Dallas 2021, no pet.); *see also Jones v. State*, No. 05-22-00328-CR, 2023 WL 6567781, at *6 (Tex. App.—Dallas Oct. 10, 2023, no pet. h.) (mem. op., not designated for publication).

/Cory L. Carlyle//

220550f.u05
Do Not Publish
Tᴇx. R. Aᴘᴘ. P. 47.2(b)

CORY L. CARLYLE
JUSTICE

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICKY LEE STEVENSON, II,
Appellant

No. 05-22-00550-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-81736-
2022.
Opinion delivered by Justice Carlyle.
Justices Goldstein and Breedlove
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

We remove the mark in the box next to the sentence: "Defendant is
required to register as sex offender in accordance with Chapter 62,
CCP."

We remove the phrase "in writing" from the sentence in the judgment
stating: "Defendant appeared without counsel and knowingly,
intelligently, and voluntarily waived the right to representation by
counsel in writing in open court."

We replace the phrase "filed a written election" with "orally elected"
in the sentence: "Defendant entered a plea and filed a written election
to have the jury assess punishment."

We remove the following sentences: "**APPEAL WAIVED. NO
PERMISSION TO APPEAL GRANTED.**"

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of January, 2024.