**Opinion issued January 7, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00641-CR

———————————

**ROBERT LEE HICKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Case No. 1327680**

---

**MEMORANDUM OPINION**

A jury convicted appellant of possession of less than one gram of a controlled substance, and the trial court, after finding two enhancements true, assessed punishment at 20 years' confinement. In two points of error, appellant

contends that the trial court erred in (1) failing to grant appellant's request to withdraw his waiver of counsel, (2) failing to hear appellant's pro se motions after granting appellant's motion to proceed pro se, and (3) assessing costs based on insufficient evidence. We affirm.

## BACKGROUND

After being stopped for a traffic offense, appellant became argumentative when told to put his hands on the steering wheel, so the police officer removed appellant and his passenger from the car, handcuffed them, and placed them in the back seat of his patrol car. Appellant provided the officer with his name and identification, but his passenger gave a false name, which the officer knew to be that of a Houston Texans football player. As the men were sitting in the back of the patrol car, an officer saw appellant's passenger crushing a white substance into the floorboard. The officer arrested appellant based on the traffic offense he had seen and the passenger based on suspicion of possession of crack cocaine. Appellant was searched incident to arrest and police found four rocks of crack cocaine in his sock. Police also recovered a .22 caliber pistol from the center console of the vehicle. Appellant was charged with possession of a controlled substance in an amount less than one gram, with two prior felony enhancements, and with being a felon in possession of a handgun.

*Appointment of Counsel and Pretrial Motions*

On November 21, 2011, the trial court appointed Lisa Andrews to represent appellant. After appellant was appointed counsel, but before counsel was allowed to withdraw, appellant filed a pro se Writ of Mandamus, in which he sought to compel the trial court to rule on his motion (1) to dismiss court appointed attorney, (2) to proceed pro se, (3) for extra law library time, (4) to set indigent bond in both cause numbers, (5) for an examining trial, (6) to meet with the grand jury, (7) to suppress evidence, (8) to receive a full and complete copy of police report and all officers statements, (9 for discovery and inspection of all evidence, *(10) for the appointment of a private investigator,* (11) to have written rulings on all motions filed, (12) for the assistance of a public defender in hybrid representation, (13) to order court reporter to transcribe any and all proceedings, (14) in limine, and (15) to dismiss without prejudice on grounds the co-defendant's case was dismissed (no probable cause).[1]

---

[1] None of the motions referenced in this "Writ of Mandamus" appear in the record of this case. Appellant argues that they must have been placed in the file of his companion case, which he had expunged after he was acquitted on that charge. However, the motion for appointment of an investigator, which appellant challenges in his second point of error, was discussed on the record, thus, for purposes of this opinion we will assume that it was filed in this case also.

*First Faretta Hearing Before Trial Court*

On March 2, 2012, the trial court held a *Faretta* hearing[2], and granted appellant's motion to proceed pro se. On the record, the trial court specifically denied appellant's request for hybrid representation. At the end of the *Faretta* hearing, appellant asked, "Do you want to have that hearing on the writ," to which the trial court replied, "Like I said, you have to follow Rules of Procedure. You're on your own sir." The trial court then signed an order making the findings required under *Faretta* and granting appellant's motion to waive counsel and proceed pro se; appellant refused to sign the same order. Another order, titled Motion to Withdraw as Attorney of Record" and signed by appellant and appointed counsel, contains a handwritten notation "D wants to proceed pro se court allowed d/c to w/d from case," was signed by the trial court on the same day, but "denied" is circled instead of "granted."

*Second Faretta Hearing and Pretrial Motions Before Visiting Judge*

At a pretrial hearing on May 16, 2013, a visiting judge assigned to try the case noticed that the motion had been marked "denied," so he decided to hold a second *Faretta* hearing the following day. At the second *Faretta* hearing,

---

[2] To exercise the right to self-representation, a defendant must knowingly and intelligently forgo the benefits of counsel, and effectively waive the Sixth Amendment right to counsel. *See Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975). Thus, a defendant "[s]hould be made aware of the dangers and disadvantages of self-representation" by the trial court." *Id.*

appellant again asked for "standby" counsel, which the visiting judge again denied. After providing the required admonishments, the trial judge asked appellant, "Do you want to represent yourself?  And this is the last time that I am going to ask you."  Appellant replied, "I really do."

After being allowed once again to proceed pro se, appellant asked, "Are we going to have a motions hearing on my motions and on the writ?"  The trial judge responded affirmatively.  The trial judge then ruled on the motions on appellant's "Writ of Mandamus" one by one.  When discussing the motion for appointment of a private investigator, the trial court initially said that the request was "untimely," then the following exchange took place:

> [Appellant]:  On the Motion for a Private Investigator, this is—I need this as part of my defense because I need the investigator to do the investigative work that I need him to do on my case; and this was never brought up in Judge Carter's court because he kept me in the holdover.  So I need to—
>
> [Trial Judge]:  You need to specify what it is that a private investigator would be investigating.  What would he do for you?
> [Appellant]:  Well, I need him to investigate the arresting officer on the percentage level of blacks that he has arrested because I am going on a level of racial profiling; and I need his arresting record.
>
> [Trial Judge]:  Well, is that it?
>
> [Appellant]: And I also wanted to get the phone records of that night of when he called, supposedly he had called the D.A. to—
>
> [Trial Judge]: When he did what?
>
> [Appellant]: When he supposedly had called the D.A.

5

[Prosecutor]: I believe he is saying when the officer contacted D.A. intake to accept charges.

[Trial Judge]: I see. Okay. Well, basically with regard to the calling the D.A., that will come out. You may ask him that. You may also ask with regard to what percentage, if any, he knows or remembers that he has arrested members of the African community.

### *Trial Proceedings*

Jury selection began immediately after the second *Faretta* hearing and the rulings on appellant's pretrial motions. After the jury was sworn, appellant asked the trial judge why he, and not the jury, was going to determine punishment. The trial court responded, "You didn't file an election. If a person doesn't file an election, it goes automatically to the judge." When appellant protested, the trial court stated, "Well, that is the situation, sir. That is the dangers and disadvantages of representing yourself." The trial judge then recessed the proceedings until the next day.

### *Appellant Moves to Withdraw Waiver of Counsel*

The next day, the following exchange took place between appellant and the trial judge:

[Appellant]: Well, I want to ask you one more question. Anytime during the trial, is it true that I can ask for assistance of counsel?

[Trial Judge]: No, sir. Here is the situation. You are not entitled to hybrid representation.

[Appellant]: I am not asking for that. I am asking for counsel.

6

[Trial Judge]: Well, see, that is hybrid representation. Listen to me. That is either whether they just sit there and they answer your questions or they actually assist you.

[Appellant]: I am asking for—

[Trial Judge]: That is not allowed, Mr. Hicks; and I told you that. Judge Carter went over that with you. I went over that with you.

[Appellant]: I am not talking about having hybrid representation. I am talking about having an attorney representing me in this case because I need representation because it is inadequate representation.

[Trial Judge]: Well, unfortunately you have indicated to me—and we have already picked this jury—that you wanted to represent yourself.

[Appellant]: I was thinking about it; and you took that as a yes, but I need—

[Trial Judge]: No, Mr. Hicks. I went over it several times; and finally you said, "Yes," unequivocally. You refused to sign the papers with Judge Carter, but he granted your right even though you refused to sign it. So that is one judge that granted your right because you asked for it. I have now granted you that right. Mr. Hicks, I went over this over and over and over again; and you finally told me, "Yes, that is what I want to do." So basically, that is where we are. Have a seat. Have a seat.

[Appellant]: But anytime during the trial I can ask for representation. Is that against the law?

[Trial Judge]: You may ask for it; but unfortunately we have picked the jury; and you have waived that right now. I will not allow you to speak any more about that. You objection to that and request is denied, sir. Now, are you ready for this jury?

[Appellant]: I guess so.

Although docket sheet entries suggest that appellant's previously appointed trial counsel, Lisa Andrews, was present in the courtroom, appellant never requested that she be reappointed to represent him, and she was never appointed as standby counsel and never made an appearance or announced ready at trial.

### *Conviction and Punishment*

The jury acquitted appellant on the charge of being a felon in possession of a firearm, but convicted him of possession of a controlled substance. After a punishment hearing, the trial court found two enhancements true and assessed punishment at 20 years' confinement.

This appeal followed.

## WITHDRAWAL OF WAIVER OF COUNSEL

In appellant's first point of error, he contends that the trial court's denial of his request to withdraw his waiver of the right to counsel violated his constitutional rights. The Sixth Amendment of the federal constitution guarantees both the right to counsel and the corresponding right to self-representation. *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975); *Hathorn v. State*, 848 S.W.2d 101, 122–23 (Tex. Crim. App. 1992); *see also Hatten v. State*, 71 S.W.3d 332, 334 (Tex. Crim. App. 2002) (noting that *Faretta* rights are triggered when accused contests guilt); TEX. CODE CRIM. PROC. ANN. art. 1.05 (Vernon 2005) (recognizing right of accused to be heard by himself, through counsel, or

both); *Carroll v. State*, 176 S.W.3d 249, 256 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

In *Faretta,* the Supreme Court recognized that "[w]hen an accused manages his own defense, he relinquishes . . . many of the traditional benefits associated with the right to counsel" and concluded that in order to represent himself, an "accused must 'knowingly and intelligently' forgo those relinquished benefits." 422 U.S. at 835, 95 S. Ct. at 2541. Such a decision, to be constitutionally effective, must be made (1) competently, (2) knowingly and intelligently, and (3) voluntarily. *Godinez v. Moran,* 509 U.S. 389, 400–401, 113 S. Ct. 2680, 2687 (1993); *Faretta,* 422 U.S. at 834–36, 95 S. Ct. at 2541.

Appellant concedes that his waiver of the right to counsel met all constitutional and statutory requirements. He contends, however, that by not permitting him to withdraw that waiver, the trial court violated article 1.051(h) of the Code of Criminal Procedure, which provides:

> A defendant may withdraw a waiver of the right to counsel at any time but is not entitled to repeat a proceeding previously held or waived solely on the grounds of the subsequent appointment or retention of counsel. If the defendant withdraws a waiver, the trial court, in its discretion, may provide the appointed counsel 10 days to prepare.

TEX. CODE CRIM. PROC. ANN. art. 1.051(h) (Vernon Supp. 2013).

Appellant premises his argument on the trial court's failure to appoint counsel for him when he requested it on the morning of trial. An accused has the

right to withdraw his waiver of the right to counsel. *See Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986). However, the right to waive self-representation is not without limits. "Trial courts have the duty, and discretion, to maintain the orderly flow and administration of judicial proceedings, including the exercise of a defendant's right to counsel." *Medley v. State*, 47 S.W.3d 17, 23 (Tex. App.—Amarillo 2000, pet. ref'd) (citing *Faretta*, 422 U.S. at 834 n.46, 95 S. Ct. 2541 n.46). An accused's right to represent himself or choose his own counsel cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. *Hubbard v. State*, 739 S.W.2d 341, 344 (Tex. Crim. App. 1987). A decision of the trial court as to the effect that the reclamation of the right by the defendant would have on the orderly administration of justice will not be disturbed on appeal absent an abuse of discretion. *Medley*, 47 S.W.3d at 24.

A criminal defendant who has waived the right to counsel but then seeks to reclaim that right bears the burden of showing that his waiver would not (1) interfere with the orderly administration of court business, (2) result in unnecessary delay or inconvenience to witnesses, or (3) prejudice the State. *Id.* If the evidence presented by defendant is rebutted by the State, the trial court, or the record, then the trial court does not abuse its discretion in refusing to allow the right to be reclaimed. *Id.*

Appellant relies on *Morgan v. State*, Nos. 01-94-00306-CR and 01-94-00307-CR, 1995 WL 62843, at *1 (Tex. App.—Houston [1st Dist.] Feb. 16, 1995, no pet.) (not designated for publication) to argue that the trial court erred by refusing to allow him to withdraw his waiver of the right to counsel. In *Morgan*, on the day appellant's trial was to begin, his appointed counsel appeared on his behalf and announced "ready." *Id.* The next day, after being admonished according to *Faretta*, appellant voluntarily waived his right to counsel, and his appointed counsel was then appointed as "stand-by" counsel. *Id.* After the direct examination of the first witness, appellant orally moved to withdraw his waiver of the right to counsel, which the trial court denied. *Id.* On appeal, this Court held that appellant should have been allowed to withdraw his waiver of the right to counsel because "[t]he counsel previously appointed to represent appellant . . . was present and had announced ready" and "could have immediately entered the case and represented appellant." *Id.*

*Morgan*, however, is distinguishable. Here, the trial court conducted a *Faretta* hearing over two weeks before the trial began, at which appellant requested hybrid representation or appointment of stand-by counsel, which the trial court denied.[3] That same day, the trial court signed an order granting defendant's

---

[3]     A pro se defendant has no right to either standby counsel or hybrid representation. *See United States v. Oliver*, 630 F.3d 397, 413–14 (5th Cir. 2011), *Robinson v.*

11

motion to proceed pro se, even though appellant refused to sign the waiver of the right to counsel at that time. This case had already been reset for trial twice. On the day of trial, the visiting judge held a second *Faretta* hearing, at which appellant against asked for a standby attorney, which the visiting judge again denied, noting on the record that "you may think that by doing this you are going to forestall the disposition of this case. It won't work that way." The trial court then asked, "Do you want to represent yourself? And this is the last time that I am going to ask you," to which appellant responded, "I really do." At this point appellant had been representing himself pro se for two weeks already, and he had picked his own jury, which had already been sworn. It was not until appellant realized that he had waived his right to have the jury assess punishment that he sought to revoke his waiver of counsel. And, even if we assume that appellant's previously-appointed counsel was present in the courtroom, unlike the attorney in *Morgan*, she was never appointed as standby counsel, she never announced ready, appellant never requested that she be reappointed as his attorney, and nothing in the record suggests that she was ready to proceed with trial that day.

Under these circumstances, we hold that appellant has failed to bring forth a sufficient record to sustain his burden to show an abuse of discretion by the trial court. Accordingly, we overrule point of error one.

*State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995).

**FAILURE TO HEAR PRO SE MOTIONS**

While appellant had counsel, the trial judge did not rule on appellant's pro se motions [those listed in his Writ of Mandamus] because appellant was not entitled to hybrid representation. After the trial court granted appellant's motion to proceed pro se at the first *Faretta* hearing, appellant inquired, "Do you want to have that hearing on the writ?" To which, the trial court responded, "Like I said, you have to follow Rules of Procedure. You're on your own son." Appellant made no further response.

On appeal, appellant argues that "[t]he district judge, [at the first *Faretta* hearing], erred in failing to hear Mr. Hick's motions because he granted the first two and thereby left Mr. Hicks without counsel when he urged the remainder" which "resulted in the court's failure to give Mr. Hicks an opportunity to make a threshold showing of his need for an investigator, in violation of his due process rights . . . ."

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the

complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Appellant did not object to the trial court's refusal to rule on any of his motions at the first *Faretta* hearing; thus, he may not now complain on appeal that the trial court's refusal to rule.

Accordingly, we overrule appellant's second issue.

## COURT COSTS

In his third point of error, appellant contends there "is insufficient evidence to support the court costs reflected in the judgment." The record in this case includes a judgment, to which is appended "Attachment A." Attachment A is entitled "ORDER TO WITHDRAW FUNDS FOR FINE/FEES/COURT COSTS" and includes a three page computer printout of the fees assessed in this case. At the bottom of page 1 of the printout, there is the signature of "Christine Baldwin," which is dated "11/7/12." On page 3 of the printout, there is a certification by Chris Daniel, District Clerk of Harris County, Texas, that the document "is a true and correct copy of the original record filed and or recorded" in his office, which is signed by "CBaldwin Deputy" and is also dated "11/7/12." Appellant does not challenge the amount of costs assessed, but contends that the evidence is insufficient, arguing that "while we learn from the certification of the third page of the document that Christine Baldwin is a Deputy Clerk with the Harris County

14

District Clerk's office, her signature on the first page gives no indication as to whether she is the officer who charged or was entitled to receive the costs."

In *Cardenas v. State*, 403 S.W.3d 377, 385 n.6 (Tex. App.—Houston [1st Dist.] 2013, pet. granted) (designated for publication) this Court found a certified copy of a cost bill signed by a deputy clerk to be sufficient evidence to support an award of costs. Like the certified copy of the bill of costs in *Cardenas*, which was signed by a deputy clerk on behalf of the clerk of the district court, the bill of costs in this case is sufficient.

Regarding appellant's assertion that the assessment of costs is insufficient because Baldwin signed and certified the bill of costs after the judgment was signed, this Court considered and rejected that argument in *Cardenas*. *Id.*; *see also Garcia v. State*, No. 01-11-00985-CR, 2013 WL 1368082, at *1–4 (Tex. App.—Houston [1st Dist.] April 4, 2013, no pet.) (rejecting claim that cost bill must be created before rendition of judgment).

Accordingly, we overrule point of error three.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).